In the Matter of the Probate of the Will of ARTHUR J. BEATTY, Deceased.

Surrogate's Court, Suffolk County, September 16, 1954.

*Glass & Lynch* for George Beatty, proponent.

*Gross & Keck* for Eileen B. Westfield, contestant.

HAZLETON, S. After a trial before this court and a jury, a verdict was found and a decree entered thereon denying admission to probate of a will alleged to have been executed by decedent on January 22, 1954. Thereafter, the unsuccessful proponent of that will filed a notice of appeal together with the required cost bond. Then the petitioner herein proceeded with the probate of a prior will executed by decedent in January, 1950. No objections have been filed to the probate of this will, the testimony of the subscribing witness has been taken and a proposed decree admitting this will to probate has been

submitted to the court for signature. However, the appellant now contends that the appeal having been perfected, the proceedings to probate the will of January, 1950, are *ipso facto* stopped by the provisions of section 87 of the Surrogate's Court Act.

In opposing this contention the petitioner who is presently seeking probate of the earlier will, argues that the stay provided in section 87 is ineffectual in the instant case because it is not the same proceeding as the one which resulted in the decree under appeal.

Ordinarily when an appeal from a decree of the Surrogate's Court has been perfected it operates to stay any proceedings to enforce such decree. (Surrogate's Ct. Act, § 87.) The term " perfected appeal " as it applies to the Surrogate's Court has been said to mean the service and filing of a notice of appeal and the giving of security in way of an undertaking for costs as required by section 298 of the Surrogate's Court Act.

The question now to be determined is whether or not the application in the new proceeding to probate decedent's prior will constitutes an *enforcement* of the decree denying probate to the later will thereby rendering the stay provision of section 87 ineffectual. This section refers to " a perfected appeal * * * as a stay of the proceedings, to enforce the decree ". What is the proper interpretation of the word " enforce "?

The sole purpose of the contest that defeated the will of 1954 was to accomplish the probate of the prior will of 1950. Therefore, it seems to me that by applying for letters testamentary under the former will, the decree denying probate to the subsequent will is in effect being enforced. The one act naturally follows as a result of the other. When a decree is made denying probate there is no further affirmative step for the successful party to take except to seek probate of a prior will or letters of administration if there be no prior will.

Reverse the situation. If probate of the later will had been granted obviously a perfected appeal by the contestant would suffice to stay proceedings for letters. The attempt to have letters issued in such case undoubtedly would constitute enforcement of the decree. Likewise, the instant action of contestant in seeking letters under the prior will also constitutes enforcement of the decree in that it attains contestant's objective. Such procedure would be disorderly since the result would be to admit the prior will of January, 1950, to probate as the last will and testament of decedent before it had been finally decided whether the later will of January 22, 1954, is the last will and testament of decedent.

Unless, therefore, it can be shown by affidavit on notice to all parties that the issuance of letters before the termination of the appeal is necessary to preserve the assets of the estate and that the failure to issue letters will jeopardize such assets, I hold that the perfected appeal effectively stops the proceedings to probate decedent's prior will. The reference in petitioner's memorandum to certain sections of the Civil Practice Act is inapplicable to the instant proceeding which is controlled by the pertinent sections of the Surrogate's Court Act. (§§ 87, 298.)

Accordingly the proposed decree granting probate to the will of January, 1950, will be held in abeyance pending the determination or other disposition of the appeal now pending.