Harry G. Herman, S.
On July 12,1962 this court, after trial, determined as a preliminary issue that the decedent at the time of her death in November, 1961 was domiciled in Westchester County and not in Florida as urged by the objectant herein, the oldest child of decedent (Matter of Shapiro, 36 Misc 2d 271). In addition to her objection as to domicile, which raised preliminarily an issue as to the jurisdiction of this court, the objectant had also filed objections to the propounded will dated April 22,1958 asserting fraud and undue influence in its execution.
The decree as to the question of domicile was signed July 30, 1962. Proponent’s motion for a bill of particulars as to fraud and undue influence originally noticed for April 24, 1962 had been adjourned and was subsequently submitted for decision. On August 3, 1962 a decision was rendered granting the motion for a bill over the opposition of the objectant who stated that she intended to appeal from the domicile decree of July 30, 1962 (Matter of Shapiro, N. Y. L. J., Aug. 13, 1962, p. 8, col. 4). The appeal was perfected on August 7,1962 and objectant now seeks by order to show cause dated August 20,1962 to stay 6 ‘ the effect of the memorandum decision of this court made and filed August 3, 1962,” directing the service of a bill of particulars by the objectant as to the issue of fraud and undue influence, until “ a reasonable time ” after the disposition of the appeal.
In support of her contention, objectant urges section 87 of the Surrogate’s Court Act and Matter of Beatty (206 Misc. 542). The argument is advanced that because section 87 enumerates the instances where the perfecting of an appeal does not stay proceedings, and as a preliminary determination as to domicile is not enumerated therein a perfected appeal therefore operates as a stay of proceedings.
This is a non sequitur. As pointed out in the Beatty case (supra) the stay in section 87 operates as to enforcement only of the decree involved on the appeal. There an appeal had been taken from a decree denying the probate of a 1954 will; thereafter an earlier will was offered for probate and in view of the pending appeal as to the later will, the Surrogate held in abeyance the probate of the earlier will pending the disposition of the appeal. To hold otherwise would obviously have defeated the appellant’s rights if there was a reversal of the decree and the later will was admitted to probate — which is precisely what *276 happened (see Matter of Beatty, 285 App. Div. 1149, affd. 309 N. Y. 981).
The concluding sentence of section 87 of the Surrogate’s Court Act states that, except as otherwise prescribed “ a perfected appeal has the same effect, as a stay of proceedings, to enforce the decree or order appealed from”. The proponent here cannot “ enforce the decree ” as to domicile; he must await the determination of the appellate courts in any event as to that preliminary question. Granting the instant application for a bill of particulars as to fraud and undue influence in no way affects the contestant’s rights on her appeal as to the domicile question decided against her. Object ant argues that if she succeeds in establishing Florida as the domicile, and the probate proceeding were removed from this court to Florida, the furnishing of a bill of particulars on the objection as to fraud and undue influence would be a futile gesture and cause needless expense and effort. That may very well be if Florida is eventually determined to be the domicile of the deceased. However, if domicile is finally determined to be in Westchester County, and the particulars as to fraud and undue influence have been already furnished to the proponent, the preparation for trial as to those issues will be expedited. See Matter of Walsh (107 Misc. 475) where the court held that an appeal from an order framing issues did not operate as a stay of the trial, and Surrogate Slater of this court there pointed out the delays inherent in these preliminary maneuvers which defer probate. The potential of loss to the estate, as well as expense, and all the other evils that flow from such situations, which cannot be recouped by the estate or the heirs, are inherent exposures in contested probate matters and the least that the court can do is to facilitate the mechanics of the action without depriving any contestant of his rights (cf. Matter of Bitterman, 112 N. Y. S. 2d 843).
Accordingly, the application for a stay as to the bill of particulars is denied and the order submitted under the decision of this court of August 3,1962 will be signed.