William J. Regan, S.
This is a proceeding commenced by the petitioner for the probate of the last will and testament of Roy C. Siegel pursuant to SCPA 1605 (subd 2, par [c]). The petitioner, Margaret A. Siegel, of Boca Raton, Florida, recites *1063 that Roy C. Siegel, the decedent, died a citizen of the United States and a domiciliary of Florida on March 5, 1969. The last will and testament of the deceased was admitted to probate by the County Judge’s Court in and for Palm Beach County, Florida, a competent court in the State of Florida, and letters testamentary under the will were issued to the petitioner as executor named therein. The petitioner has been duly discharged by said court as executor and the probate of said will is not subject to contest under the laws of the State of Florida.
The last will and testament of the deceased provided for a marital deduction trust for the benefit of the petitioner, a trust for the benefit of a son of the decedent and a trust for the benefit of a daughter of the decedent. Article Eleventh of the will nominated and appointed the petitioner and Marine Midland Bank-Western as trustees of the several trusts created under said will. The petitioner has submitted to the court copies of the will and codicils thereto and the order admitting the will to probate, all documents being authenticated as prescribed by SCPA 1614. Both the son and daughter of the deceased have executed consents to the relief requested by the petitioner. The petitioner has made a diligent search and is unable to discover whether any creditors or persons claiming to be creditors of the decedent are domiciliaries within the State of New York, and she has satisfied the court of her familiarity with the financial affairs of the decedent and of her investigation. The application made herein is for the original probate of the last will and testament of a nondomiciliary where such will has been admitted to probate in the decedent’s domicile. SCPA 1605 permits the original probate of the last will and testament only under exceptional circumstances. Under Florida law the nominated trustee, Marine Midland Bank-Western, a New York banking corporation, could not qualify as executor or trustee. One of the exceptional circumstances wherein an original will can be admitted to probate in the State is "where the laws of testator’s domicile discriminate against domiciliaries of New York either as a beneficiary or a fiduciary.” (SCPA 1605, subd 2, par M.)
In Matter of Harrison (81 Misc 2d 807), the court in dicta suggested that the Florida statute restricting the appointment of fiduciaries is both inequitable and unconstitutional.
In view of Florida law which in effect discriminates against the appointment of a domiciliary of New York as fiduciary, *1064 the last will and testament of Roy C. Siegel is hereby admitted to probate pursuant to the provisions of SCPA 1605. The court hereby issues letters of trusteeship to the petitioner, Margaret A. Siegel and Marine Midland Bank-Western as nominated trustees under said will.