335 So.2d 829 (1976)
In re the ESTATE OF Eneida FERNANDEZ, Deceased.
STATE of Florida On the Relation of Leopoldo FERNANDEZ, Appellant,
v.
The Honorable Joseph NESBITT, Appellee.
No. 48524.
Supreme Court of Florida.
July 21, 1976.
Arnaldo Velez, Taylor, Brion, Buker & Greene, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Bernard S. McLendon, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
ENGLAND, Justice.
This case is before us on direct appeal from the probate division of the Dade County Circuit Court. We are asked to review an order denying letters of administration to Leopoldo Fernandez, the husband of Eneida Fernandez who died intestate while a resident of Dade County.
Mr. Fernandez is a resident of Dade County, but is not a citizen of the United States. Solely because of his lack of citizenship, the trial judge denied his petition for letters of administration, relying upon Section 733.302, Florida Statutes (1975),[1] and holding the citizenship requirement of the statute constitutional. We have jurisdiction *830 to review the trial court's order under Article V, Section 3(b)(1) of the Florida Constitution.
The sole question presented for our review is the validity of the requirement that an applicant for letters of administration be a citizen of the United States. Although Mr. Fernandez has asserted several constitutional grounds for invalidating the citizenship requirement in Section 733.302, we deem it unnecessary to discuss them all since we find that particular requirement violative of the equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Florida Constitution.[2]
The Florida Constitution prohibits statutory classifications which discriminate between persons unless there exists "some valid, substantial basis in [sic] real, practical differences affecting the subjects regulated."[3] The trial judge in his written order and the Attorney General in his argument before us support the citizenship requirement of this probate statute on two bases: (1) that a citizen is more likely than an alien to possess the practical experience, education and understanding of the English language necessary to administer an estate effectively; and (2) that a citizen is more likely than an alien to be amenable to the service of court process. Fernandez contests these assumptions as a matter of logic in light of other requirements built into the probate law, and we agree with his views.
Section 733.302 requires that persons appointed as administrators be residents of this state, and it expressly provides that persons "incompetent to discharge the duties of a personal representative" are not qualified to serve. These requirements guarantee the basic ability to perform the duties of a personal representative and amply meet the first concern raised by the state. The additional requirement that a person possess United States citizenship has no bearing on ability to perform. In addition, the bonding requirement applicable to intestate estates[4] also protects against the mismanagement of an estate to which the state's first concern is directed.
In regard to the second alleged basis for a citizenship requirement, the state relies upon In re Phillips, 305 Mich. 636, 9 N.W.2d 872 (1943). In that case the Supreme Court of Michigan upheld, against an equal protection attack, a Michigan statute prohibiting the appointment of aliens as administrators of estates, based on an express legislative intention to assure amenability to process. The residency requirement in Section 733.302 fulfills the same goal without regard to citizenship status. The general service of process statute, Section 48.031, Florida Statutes (1975), provides for service on natural persons found within Florida without distinction between citizens and non-citizens. Moreover, Section 48.193, Florida Statutes (1975), providing for service on persons outside the boundaries of Florida "whether or not a citizen or resident of this state", guarantees that administrators who depart the state will remain amenable to service of process.
We conclude that there exists no substantial and real difference between resident aliens and resident citizens which bears on any valid legislative purpose within the contemplation of this statute. Our Constitution requires equal treatment for both classes.
Our conclusion is bolstered by recent decisions of the United States Supreme Court applying the equal protection clause of the Fourteenth Amendment to the United States Constitution. In Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971), the Supreme Court made it clear that "classifications based on alienage, like those based on nationality or *831 race, are inherently suspect."[5] As a result, state laws placing unequal burdens on aliens have been stricken in such diverse areas as the availability of medical and public assistance benefits,[6] admission to licensed professions,[7] and eligibility for government employment.[8] It is also clear now that even the "broad power" of the federal government over immigration and naturalization does not permit discrimination against aliens by federal agencies acting without explicit authorization of the Congress and the President.[9] The citizenship requirement of Section 733.302 is certainly no more justifiable for the administration of an intestate estate than for the purposes and subjects involved in those cases.
The order of the circuit court denying the petition of Leopoldo Fernandez is vacated, and this cause is remanded for further proceedings consistent with this opinion.
OVERTON, C.J., and ADKINS, BOYD, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Formerly § 732.45(1), Fla. Stat. (1973).
[2] On the facts of this case, the limitation in Article I, Section 2 of the Florida Constitution for "aliens ineligible for citizenship" is not applicable.
[3] Davis v. Florida Power Co., 64 Fla. 246, 267, 60 So. 759, 766 (1913). See also, Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla. 1974).
[4] § 733.402(1), Fla. Stat. (1975).
[5] 403 U.S. at 372, 91 S.Ct. at 1852 (footnotes in Graham opinion omitted).
[6] Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971).
[7] In re Griffiths, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973) (practice of Law). See also Examining Bd. of Eng'rs v. Flores de Otero, ___ U.S. ___, 96 S.Ct. 2264, 49 L.Ed.2d 65, 44 L.W. 4890 (1976).
[8] Sugarman v. Dougall, 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973).
[9] Hampton v. Mow Sun Wong, ___ U.S. ___, 96 S.Ct. 1895, 48 L.Ed.2d 495, 44 L.W. 4737 (1976).