Ethel FAIN, as Personal Representative of the Estate of Harry Fain, also known as Harry M. Fain, Deceased, and Peter L. Malkin, Plaintiffs,

v.

Vincent T. HALL, as Judge of the Circuit Court of the State of Florida, Twelfth Judicial Circuit (Probate Division) in and for Sarasota County, Defendant.

No. 77–85 Civ. T–K.

United States District Court, M. D. Florida, Tampa Division.

Jan. 3, 1979.

---

Arnold J. Hoffman, and James A. Burnes, Wien, Lane & Malkin, Palm Beach, Fla. (Robert G. Desmond, Robert G. Smith and Robert Lee Hoskins III, New York City, of counsel), for plaintiffs.

Thomas A. Beenck, Asst. Atty. Gen., Dept. of Legal Affairs Civil Div., Tallahassee, Fla., for defendant.

## MEMORANDUM OPINION

KRENTZMAN, District Judge.

This case considers the constitutionality vel non, of Florida Statutes 733.302 and 733.304 [1] which disqualify nonresidents from serving as personal representatives of decedents to whom they were not related.

Plaintiff, Ethel Fain, is the widow and personal representative of Harry Fain, deceased. Plaintiff, Peter L. Malkin, is a resident of Connecticut who is an attorney, a member of the Florida Bar and of a law firm which maintains offices in Florida. Defendant, Vincent E. Hall, is a circuit judge of the Twelfth Judicial Circuit in and for Sarasota County, Florida.

Mr. and Mrs. Fain were residents of Florida at the time of his death in early 1976. Prior thereto Mr. Malkin had been his attorney. They were not related "by lineal consanguinity, adoption or marriage."

---

1. (All citations of statutes are to the 1975 edition of Florida Statutes).

733.302 Who may be appointed personal representative.—Subject to the limitations in this part, any person sui juris who is a citizen of the United States and a resident of Florida at the time of the death of the person whose estate he seeks to administer is qualified to act as personal representative in Florida. A person who has been convicted of a felony or who, from sickness, intemperance, or want of understanding, is incompetent to discharge the duties of a personal representative is not qualified.

733.304 Nonresidents.—A person who is not domiciled in the state cannot qualify as personal representative unless the person is:
(1) A legally adopted child or adoptive parent of the decedent;
(2) Related by lineal consanguinity to the decedent;
(3) A spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent; or
(4) The spouse of a person otherwise qualified under this section.

In his will Mr. Fain nominated Mrs. Fain and Mr. Malkin as co-personal representatives. On March 8, 1976 they petitioned the Probate Court over which Judge Hall then presided for leave to qualify as such. The will was admitted to probate and Mrs. Fain named as personal representative, but by order entered March 19, 1977, Judge Hall found that Mr. Malkin was "not entitled to appointment as personal representative by reason that he is not qualified to serve—under Florida Statute 733.304."

The order in the state court was not appealed and plaintiffs filed in this Court under 42 U.S.C. § 1983 claiming violation of several constitutional rights.

■ Defendant Hall moved to dismiss suggesting his judicial immunity. Plaintiffs seek declaratory and injunctive relief and do not claim damages. They do not question judicial acts but object to the constitutionality of a ministerial act of the judge which is required by a Florida Statute. The complaint does state a claim. Defendant's motion to dismiss should be and it is DENIED. *See Bramlett v. Peterson*, 307 F.Supp. 1311, 1321–22 (M.D.Fla.1969) and *Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

There are no genuine issues as to a material fact. Both parties have filed motions for summary judgment.

■ Defendant suggests that this Court should decline to exercise jurisdiction for one or more reasons. The impulse to do so is strong. Plaintiffs could have appealed through the Florida courts, and if unsuccessful, ultimately to the Supreme Court of the United States. There is no suggestion that the courts of Florida are indifferent to constitutional rights. Indeed, the case of *Estate of Fernandez* [2] suggests otherwise. Upon consideration, however, the Court finds that *Railroad Commission of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (the *Pullman* abstention doctrine) and the teachings of *Younger v. Harris*, 401

U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Huffman v. Pursue*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) are not applicable here and that this Court has and should exercise jurisdiction. Thus, the case is ready for decision on the merits.

In urging the unconstitutionality of the quoted statutes plaintiffs make four claims. The first is:

1. (The Statutes)—violate the testator's constitutional right to due process of law under the fourteenth amendment by arbitrarily and unreasonably restricting his right to choose a personal representative.

The Court finding merit in the first of these claims, it is unnecessary to discuss the others.

Plaintiff Fain, as personal representative of the estate, asserts that the testator had the right to name his personal representatives and to have the defendant follow his direction, at least under the circumstances presented by the instant case. The Court finds that the interest of the testator being asserted is a substantial one.

■ During life, a person's decisions to marry, to divorce, to have children, to supervise the upbringing and education of his children, and otherwise to create and nurture a family are accorded great deference, both by custom and by law. In speaking of the liberty protected by the fourteenth amendment Mr. Justice McReynolds wrote in *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923):

While this Court has not attempted to define with exactness the liberty thus guaranteed, the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes not merely freedom from bodily restraint, but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of

2. In *Estate of Fernandez*, 335 So.2d 829 (Fla. 1976), the Florida Supreme Court held this statute unconstitutional insofar as it precluded a resident alien from serving as his late wife's personal representative.

his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men. The established doctrine is that this liberty may not be interfered with, under the guise of protecting the public interest, by legislative action which is arbitrary or without reasonable relation to some purpose of the state to effect. Determination by the legislature of what constitutes proper exercise of police power is not final or conclusive but is subject to supervision by the courts. (399–400, 43 S.Ct. 626; citations omitted.)

Writing a will and contemplating death, the testator is concerned with the continued support and well-being of his family and other objects of his bounty, and with the management and distribution of his assets. The only means the testator has of supervising these posthumous activities is the selection of one or more personal representatives in whose ability, judgment and integrity the testator has confidence. The testator will normally know more about his affairs and about how they should be wound up than any other person or entity.

In considering the legality of state statutes restricting individual interests courts consider application of either the "reasonable relation" test or the "compelling state interest" test. Frequently the selection of the test to be applied decides the result, i. e. the constitutionality vel non.

■ It is now clear that where the individual interest being restricted is a fundamental one that the appropriate test is the "compelling state interest" one. That is, is there a compelling need or justification for the state action, by statute or otherwise to override the personal interest asserted. *See*, e. g., *NAACP v. Alabama*, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1957).

■ For the reasons urged by plaintiffs, the testator's judgment in this matter should not be disturbed, absent substantial, compelling justification.[3]

■ The defendant seeks to justify the statutes by asserting that:

. . . [A] resident personal representative has close contacts with the state and the estate being probated. It is in the state's interest to protect creditors of estates, and in seeing to the rapid probating of estates. A resident personal representative, by the mere fact of his being in the state of Florida, is better able to handle the payment of creditors of the estate, and oversee the duties necessary in closing the estate.

It is clear that the interests which the state seeks to protect are important ones, but the Court finds that they can be and are protected without the nonresidence restriction.

Mr. Malkin would be amenable to service of process by Florida courts if he were appointed to serve as personal representative. *See*, Fla.Stat. chs. 48 and 49.

If there is any fear of loss to the estate, or to the creditors and beneficiaries thereof, through either negligent or intentional actions of a personal representative, this may be dealt with by requiring that a suitable bond be posted. *See*, Fla.Stat. §§ 733.-401–.405.

---

**3.** Florida courts recognize the great deference due the testator's selection of a personal representative. Construing a will, in *State v. North*, 32 So.2d 14, 18 (1947), the Florida Supreme Court stated:

It is settled law in about all jurisdictions that a testator has the right to name the person who, after his death, shall have charge of his estate for the purpose of administration, provided that such person is not disqualified by law. Schouler on Wills, Volume 3, 6th Ed., 1741, 1742, pars. 1494–1496; Thompson on Wills (Drafting, Execution, Probate and Contest), 360–364, pars. 410, 411; *Kidd v. Bates*, 120 Ala. 79, 23 So.2d 735,

41 L.R.A. 154, 74 Am.St.Rep. 17; 33 C.J.S. Executors and Administrators § 22, pages 903–906. The rule is well settled that ordinarily courts have no discretion in respect to the issue of letters to the persons nominated in the will, unless such persons are expressly disqualified or such discretion is granted by statute. *State ex rel. Lauridsen v. Superior Court*, 179 Wash. 198, 37 P.2d 209, 95 A.L.R. 819, and Annotations at page 828 et seq. For the continued vitality of this rule, *see* Fenn and Koren, *The 1974 Florida Probate Code—A Marriage of Convenience*, 27 U.Fla.L.R. 615, 633 (1975).

If Mr. Malkin would not be able to settle and distribute the decedent's estate efficiently and expeditiously, by reason of non-residence or otherwise, then he is precluded from being appointed even without consideration of §§ 733.302, .304. § 733.602(1) makes it the duty of a personal representative to "settle and distribute the estate of the decedent in accordance with the terms of [the decedent's] will and this (probate) code as expeditiously and efficiently as is consistent with the best interests of the estate"[4] and § 733.303(1)(b) prohibits appointment of a person if "[h]e is mentally or physically unable to perform the duties" of a personal representative.[5] Inability to perform as a result of physical absence would prevent appointment under these statutes.

If Mr. Malkin were appointed co-personal representative and it subsequently became apparent that his nonresidency (or other reasons) prevented his performance of the duties of that position, this would constitute grounds for removal, under Fla.Stat. § 733.-504(2).[6]

The logic of the state's attempt to justify the statutes fails upon consideration. § 733.304 exempts certain relatives and in-laws from the prohibition against serving even though they are nonresidents, thus recognizing that nonresidence is not an absolute practical bar to service. In focusing on relationship as a criteria the state seeks to accomplish a result different from that intended by a testator. As the old saying goes "you can pick your friends, but you are born with your relatives." Assuming that suitability as a personal representative in the future is seldom a reason for marriage or adoption, the effect of the statute is to deny a testator the right to select as a personal representative one who may be a trusted business or professional associate without allowing inquiry as to his ability to serve, solely because he is a nonresident.

For the reasons given, the Court finds that the irrebuttable presumption, created

---

4. § 733.602 General duties.—

(1) A personal representative is a fiduciary who shall observe the standards of care applicable to trustees as described by s. 737.302. A personal representative is under a duty to settle and distribute the estate of the decedent in accordance with the terms of [the decedent's] will and this code as expeditiously and efficiently as is consistent with the best interests of the estate. He shall use the authority conferred upon him by this code, the authority in the will, if any, and the authority of any order in proceedings to which he is a party, for the best interests of interested persons.

5. § 733.303 Persons not qualified.—

(1) A person is not qualified to act as a personal representative if:
(a) He has been convicted of a felony.
(b) He is mentally or physically unable to perform the duties.
(c) He is under the age of 18 years.
(2) If the person named as personal representative in the will is not qualified, letters shall be granted as provided in s. 733.301.

6. § 733.504 Causes of removal of personal representative.—A personal representative may be removed and his letters revoked for any of the following causes, and the removal shall be in addition to any penalties prescribed by law:
(1) Adjudication of incompetency.
(2) Physical or mental incapacity rendering him incapable of the discharge of his duties.
(3) Failure to comply with any order of the court, unless the order has been superseded on appeal.
(4) Failure to account for the sale of property or to produce and exhibit the assets of the estate when so required.
(5) The wasting or maladministration of the estate.
(6) Failure to give bond or security for any purpose.
(7) Conviction of a felony.
(8) Insolvency of, or the appointment of a receiver or liquidator for, any corporate personal representative.
(9) The holding or acquiring by the personal representative of conflicting or adverse interests against the estate that will or may adversely interfere with the administration of the estate as a whole. This cause of removal shall not apply to the surviving spouse because of the exercise of the right to the elective share, family allowance, or exemptions, as provided elsewhere in this code.
(10) Revocation of the probate of the decedent's will that authorized or designated the appointment of such personal representative.
(11) Removal of domicile from Florida, if the personal representative is no longer qualified under part III of this chapter.
Note that automatic removal of a personal representative for removal of domicile from Florida, under § 733.504, is subject to the same attacks as automatic disqualification for nonresidency under §§ 733.302, .304.

666

by Fla.Stat. §§ 733.302 and 304, that Mr. Malkin, or one in his position, is unable to perform the duties as personal representative of Mr. Fain's estate violates the fourteenth amendment to the United States Constitution. Due process requires that Mr. Malkin personally and Mrs. Fain, in her capacity as personal representative of Mr. Fain's estate, be given an opportunity at a hearing to rebut this presumption, absent the nonresidence bar of § 733.302, and if successful, that Mr. Malkin be appointed co-personal representative.

Both comity and common sense suggest that this hearing be before one of the currently acting circuit judges of the Probate Division of the Circuit Court of the Twelfth Judicial Circuit of Florida. The judge or judges of that court regularly and routinely supervise the administration of estates and should make the determination as to Mr. Malkin's ability to perform the duties of personal representative.

Insofar as the order of March 16, 1976 denies the petition of Mr. Malkin to be qualified, it should be vacated by a judge of the court in which it was entered and the petition should be reconsidered and heard without consideration of the automatic bar resulting from application of the statute. Such reconsideration and hearing should be held as soon as possible.

To complete the file herein plaintiffs are directed to file a copy of the supplemental order of the Probate Court in this case upon its entry. Jurisdiction is retained.

IT IS SO ORDERED at Tampa, Florida this 3 day of January, 1979.