OPINION OF THE COURT
Millard L. Midonick, J.
Petitioner, a New York attorney who is not related to decedent, has petitioned for original probate of decedent’s last will and testament and for his appointment as executor and trustee pursuant to SCPA 1605. Decedent died a domiciliary of Florida but she has been buried in New York and has approximately 50% of her assets in New York. The will was drafted and executed in New York in 1974 while she was a domiciliary, and decedent moved to Florida in 1976. The reason presented for this application for original probate is that the petitioner is prohibited from being appointed the executor in Florida. It must be noted on the other hand that Florida courts do not become involved in trusts and so petitioner could act as trustee therein if probate were granted by Florida (Fla Stats Ann, § 737.105).
Section 733.304 of the Florida statutes prohibits a nonresident from qualifying as a personal representative [executor or administrator] unless that person is:
*971 “(1) A legally adopted child or adoptive parent of the decedent;
“(2) Related by lineal consanguinity to the decedent;
“(3) A spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent; or ***
“(4) The spouse of a person otherwise qualified under this section.”
Petitioner does not come within any of these exceptions and so cannot qualify in Florida under its statutes.
However, the constitutionality of that statute has been challenged in Florida. One challenge was made in the Federal courts and a second challenge was made in the State courts. In the former the United States District Court, Middle District, Tampa Division in 1979, found the statute to be unconstitutional (Fain v Hall, 463 F Supp 661). On October 30, 1980 the Supreme Court of Florida rendered a contrary decision which upheld the statute against a challenge that it was unconstitutional (Matter of Greenburg, 390 So 2d 40 [Fla]). Even if the United States Supreme Court does not review either of these two cases, the result appears to be that a nonresident such as the petitioner herein cannot qualify as an executor or trustee in Florida. Other jurisdictions restrict appointment of fiduciaries as well and so that issue may be resolved before the Supreme Court elsewhere (Matter of Emery, 59 Ohio App 2d 7; Matter of Quirin, 116 NH 845; Isaak v Superior Ct., 103 Ariz 445). Although this court agrees with the decision of the United States District Court and the dissent in the Greenberg case, such an opinion does not affect the result herein.
Petitioner asserts that pursuant to SCPA 1605 (subd 2, par [c]) original probate can be granted herein. This subdivision permits original probate “where the laws of testator’s domicile discriminate against domiciliaries of New York either as a beneficiary or a fiduciary.” As indicated above Florida law discriminates against nonresidents such as petitioner and so this proceeding comes within the purview of this subdivision (Matter of Siegel, 83 Misc 2d 1062; see Matter of Harrison, 81 Misc 2d 807).
*972 In addition this court notes that the petition and other papers indicate that no probate proceeding has been commenced in Florida. Consequently, the will can be originally probated herein even if Florida did not discriminate pursuant to SCPA 1605 (subd 1).
Accordingly, the court entertained jurisdiction to probate the will.