*189 OPINION OF THE COURT
Anthony A. Scarping, Jr., S.
The court has been asked to entertain a petition for original probate of a copy of a propounded instrument of a nondomiciliary decedent, pursuant to SCPA 1605. The application is denied, for the reasons set forth infra.
Decedent, a Florida domiciliary since 1974, died in Westchester County in October 2004, at age 89. She was survived by two sons, and no other distributees. Her gross estate is estimated at nearly $38 million, including two New York assets: her interest (100%) in a New York corporation (estimated value of $28 million), and her Westchester County residence and premises (estimated value of $1.5 million).
The propounded instrument, executed on May 10, 2004, contains over 50 legacies and calls for the establishment of several trusts. The instrument was drafted by Florida counsel, though decedent executed the instrument in New York before New York counsel and witnesses who reside in New York. She named four individuals as both executors and trustees: respondents — one of her sons, who resides in Arizona, and her accountant, who resides in Florida, and petitioners — a niece by marriage, who resides in New York, and the niece’s son, who resides in New Hampshire. Decedent did not explicitly indicate in the instrument a desire to have her will probated or estate administered in New York or under its laws.
By December 13, 2004, the original will had been filed in the appropriate Florida court, and both respondents had filed applications in that court to become personal representatives (i.e., executors) of decedent’s estate. On December 15, 2004, a grandson of decedent, who resides in California, filed objections to the probate of the will in the Florida proceeding, challenging certain general legacies and trusts established for the benefit of petitioners and certain members of their family, on the grounds of “vagueness,” “indefiniteness” and “undue influence.” On December 21, 2004, the Florida court issued letters of curator-ship (i.e., the functional equivalent of preliminary letters testamentary) to respondents, to allow them to, inter alia, marshal assets and pay administration expenses. On January 7, 2005, respondents filed an application in Florida to obtain permission to defend against extensive disclosure demands filed by decedent’s grandson in the Florida litigation. It is undisputed that the contested litigation in Florida remains pending.
*190 In the interim, on December 14, 2004, petitioners filed a copy of the instrument and their application for original probate in this court. In seeking original probate here, petitioners rely on the estate’s contacts with New York, to wit: (i) the will was executed in New York before New York witnesses; (ii) decedent died and is buried in New York; (iii) nearly 78% of decedent’s assets are New York assets; (iv) nearly 30% of the beneficiaries under the will, including two charities who receive an aggregate of $3.5 million, reside or are located in New York; and (v) Florida law prevents them from acting as executors in Florida, since they are not Florida residents and/or not related by lineal consanguinity to decedent (see Fla Stat Ann § 733.304).
It is undisputed that, pursuant to SCPA 206 and 1605, this court has jurisdiction to admit to original probate the will of a nondomiciliary decedent who, at the time of his death, left property physically located in New York (see SCPA 1605 [1]; see also SCPA 206 [1]). When a will has been admitted to probate or established in the jurisdiction where the testator was domiciled, that will cannot be admitted to original probate in New York, except: (i) where the New York court is satisfied that ancillary probate would be unduly expensive, inconvenient or impossible under the circumstances; (ii) where the testator has directed in his/her will that it shall be offered for probate in New York; or (iii) where the laws of the testator’s domicile discriminate against New York domiciliaries either as beneficiaries or as fiduciaries (see SCPA 1605 [2]). Also, if a court in the testator’s domicile has denied probate for a reason which would also constitute grounds to deny probate in New York, this court cannot grant original probate (see SCPA 1605 [3]).
In any event, this court’s acceptance of an application for original probate of the will of a nondomiciliary is entirely discretionary (see Matter of Nelson, 125 Misc 2d 451 [1984]; Estate of Harrison, NYLJ, Feb. 2, 1995, at 28, col 6). In determining whether to accept an application for original probate of a will of a nondomiciliary which has not yet been admitted to probate in the decedent’s domicile, this court should examine the nature of New York’s contacts with the decedent and his/her estate, including: (i) the location of decedent’s assets; (ii) the residence of the nominated fiduciaries and beneficiaries; (iii) the expense of proving the will in the decedent’s domicile; (iv) the decedent’s request, if any, for New York probate; and (v) the good faith of the proponents (see Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA *191 1605, at 595-596). The court should, also consider what weight should he given to the fact that the decedent’s domicile has already assumed jurisdiction over the decedent’s estate (see Matter of Renard, 100 Misc 2d 347, 352 [1979], affd 71 AD2d 554 [1979]).
In the instant case, since the instrument has not yet been admitted to probate in Florida, the court cannot rely on Florida’s discriminatory statute which prohibits petitioners from acting as executors as the sole basis for accepting petitioners’ application for original probate under SCPA 1605 (2) (see e.g. Matter of Brown, 107 Misc 2d 970 [1981]). Moreover, the court recognizes that it is not constrained from entertaining petitioners’ application merely by the issuance of letters of curatorship to respondents in Florida (see Estate of Harrison, supra).
Instead, the court’s decision is grounded on several critical factors which offset any significant contacts petitioners, decedent and/or the estate may have with New York. First, petitioners are not the sole surviving nominated fiduciaries under the instrument, and two of four people chosen by decedent to act as her fiduciaries remain eligible to qualify as fiduciaries in Florida — decedent’s domiciliary jurisdiction. Therefore, though somewhat diminished, decedent’s choice of fiduciaries, which is entitled to great respect (see Matter of Bergdorf, 206 NY 309, 312 [1912]), will not be nullified by the court’s failure to entertain this application. Secondly, objections and extensive discovery demands have already been filed in Florida. It would be unduly prejudicial to all parties to have to litigate the same objections in two competing jurisdictions, with the possibility of conflicting outcomes. Finally, aside from their inability to qualify as executors in Florida, petitioners, who are legatees under the instrument, have failed to articulate how they will be denied a full and fair opportunity to defend against the objections to the instrument already filed in the Florida proceeding.
Accordingly, the court hereby declines to entertain petitioners’ application for original probate of decedent’s will.