In the Matter of the Estate of Sylvia M. Baer, Deceased. William C. Farner, Respondent; S. Marcy Baer et al., Appellants. (Appeal No. 1.) [849 NYS2d 143]—

Appeal from a decree of the Surrogate's Court, Erie County (Barbara Howe, S.), entered March 30, 2007. The decree admitted the last will and testament of decedent to original probate and granted letters testamentary and letters of trusteeship to petitioner.

It is hereby ordered that the decree so appealed from be and the same hereby is unanimously reversed on the law without costs, probate is denied and letters testamentary and letters of trusteeship are revoked.

Memorandum: In appeal No. 1, respondents appeal from a decree admitting the last will and testament of decedent, a domiciliary of Vermont, to original probate and granting letters testamentary and letters of trusteeship to petitioner. In appeal No. 2, respondents appeal from an order that, inter alia, dismissed their "challenge" to the subject matter jurisdiction of Surrogate's Court to the probate of decedent's will. In appeal No. 3, respondents appeal from an order that, inter alia, denied their motion for leave to renew their jurisdictional challenge that was dismissed by the order in appeal No. 2. The order in appeal No. 3 superseded the order in appeal No. 2 and thus appeal No. 2 must be dismissed (*see Matter of Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). We conclude in appeal No. 3 that the Surrogate erred in denying respondents' motion for leave to renew and, upon renewal, should have declined to exercise jurisdiction over the estate of this nondomiciliary and granted respondents' motion to dismiss the petition. We note at the outset that we reject petitioner's contention that, because respondents made no prior formal motion to dismiss the probate petition, the motion for leave to renew is procedurally inappropriate. While respondents filed only a memorandum of law with Surrogate's Court challenging jurisdiction and did not file a notice of motion and motion, petitioner made no objection thereto, and the Surrogate treated the challenge as if it were a motion because it resulted in an order (*see* CPLR 2211). We also reject petitioner's contention that the motion for leave to renew was not based on any new facts that were unavailable at the time of the prior challenge to the jurisdiction of Surrogate's Court. The findings and order of the Vermont Probate Court accepting original jurisdiction over the estate constitute new or additional facts that were unavailable at the time of the original challenge and that "would change the prior determination" (CPLR 2221 [e] [2]; *see generally Paulk v City of Niagara Falls*, 37 AD3d 1061, 1062 [2007]).

Turning to the merits of the decree in appeal No. 1 and the order in appeal No. 3, it is firmly established in New York that jurisdiction over the estate of a nondomiciliary should not be transferred from the testator's domicile to New York "unless it is required by some imperative rule of law" (*Parsons v Lyman*, 20 NY 103, 116 [1859]). Further, Surrogate's Court may exercise jurisdiction over a nondomiciliary decedent's estate where, inter alia, the decedent "leaves property in the state" (SCPA 206 [1]; *see also* SCPA 1605 [1]). "In determining whether to accept an application for original probate of a will of a nondomiciliary which has not yet been admitted to probate in the decedent's domicile, [a] court should examine the nature of New York's

contacts with the decedent and his/her estate, including: (i) the location of decedent's assets; (ii) the residence of the nominated fiduciaries and beneficiaries; (iii) the expense of proving the will in the decedent's domicile; (iv) the decedent's request, if any, for New York probate; and (v) the good faith of the proponents. The court should also consider what weight should be given to the fact that the decedent's domicile has already assumed jurisdiction over the decedent's estate" (*Matter of Nevai*, 7 Misc 3d 188, 190-191 [2005], *affd* 28 AD3d 561 [2006] [citation omitted]).

Here, petitioner contends that the Surrogate properly exercised jurisdiction over the estate of decedent based on the exercise in her will of certain limited powers of appointment over two trusts established by her predeceased husband for her benefit, which trusts owned property situated in New York, and based on her ownership of three JP Morgan Chase bank accounts allegedly located in New York. Contrary to petitioner's contention, the assets of the trusts were never decedent's property and thus are not probate assets located in New York sufficient to confer jurisdiction in New York over decedent's estate. It is well established that the property in a trust "remain[s] the property of the donor until it absolutely vests in some person or corporation [and that] [a] donee with a power to appoint by will is a mere agent of the donor" (*Matter of Walbridge*, 178 Misc 32, 37 [1942]). Thus, when decedent exercised the powers of appointment afforded her by the terms of the trusts in favor of other trusts established in her will, "she was not disposing of her own assets but, by authority conferred upon her by her [husband], she was disposing of property which never lost its identity as part of [the trusts' property]" (*Matter of Baldwin*, 139 NYS2d 413, 417 [1954]).

The three bank accounts are intangible personal property, and the "usual rule [with respect to such property] is that for administrative purposes they have their situs at the domicile of the owner" (*Matter of MacKean*, 259 App Div 728 [1940]; *see Matter of Obregon*, 230 AD2d 47, 51-52 [1997], *affd* 91 NY2d 591 [1998]). We see no compelling reason to depart from the usual rule that intangibles have their situs at the domicile of the owner, which in this case is Vermont. The three bank accounts in question constitute only 23% of decedent's estate, and two of the three beneficiaries are nonresidents of New York.

Contrary to petitioner's contention, the Vermont statute does not discriminate against a domiciliary of New York acting as a fiduciary (*see* Vt Stat Ann, tit 14, § 904; *cf. Matter of Gadway*, 123 AD2d 83 [1987]). In any event, we note that the Vermont Probate Court stated that it would consider petitioner for ap-

pointment and, in fact, petitioner has been appointed by the Vermont Probate Court as co-executor. Also, while one of the three beneficiaries resides in New York, that person advocates for probate in Vermont, and the other two beneficiaries reside in Vermont and Florida, respectively. We further note that there is no indication in the record that it would be more expensive to probate decedent's will in Vermont rather than New York and, although the will was drafted in New York and executed in New York, it contains no request that the will be probated in New York. In sum, as previously noted, the Vermont Probate Court has already accepted jurisdiction over its domiciliary's estate (*see Nevai*, 7 Misc 3d at 191), and we can discern no reason to transfer original jurisdiction over the estate from Vermont to New York based on the interests of New York State, decedent or the beneficiaries. Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.