■ In the Matter of Renata Forti, Deceased. Micol Mion-Gordon, Respondent; Susetta Mion, Appellant. [987 NYS2d 136]—

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered on or about February 7, 2013, which, to the extent appealed from, granted petitioner's petition for letters of administration, unanimously affirmed, without costs.

The court had jurisdiction pursuant to SCPA 206 (1) and

properly granted letters of administration to petitioner, pursuant to SCPA 2103, given the evidence that property of the nondomiciliary decedent may have been left in New York (*see Matter of Obregon*, 230 AD2d 47, 52 [1st Dept 1997], *affd* 91 NY2d 591 [1998]). This is so, even if the property was brought and left here by someone other than decedent and without decedent's consent, so long as the property was not brought here through fraud and collusion merely for the purpose of establishing jurisdiction (*see Matter of De Camillis*, 66 Misc 2d 882, 893 [Sur Ct, NY County 1971], *affd* 38 AD2d 687 [1971]). Therefore, the court providently exercised its discretion in granting the petition, as there was no evidence of forum shopping or bad faith by petitioner (*see Matter of Nevai*, 7 Misc 3d 188, 190 [Sur Ct, Westchester County 2005], *affd* 28 AD3d 561 [2d Dept 2006]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Friedman, J.P., DeGrasse, Freedman and Kapnick, JJ.