In the Matter of BAY TERRACE COOPERATIVE SECTION I, INC., et al., Petitioners, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— MEMORANDUM BY THE COURT. Proceeding under article 78 of the Civil Practice Law and Rules to review a determination of the State Tax Commission which denied applications for refund of stock transfer taxes. (Tax Law, § 270; 20 NYCRR 440.1 [i] [10].) Under the decisional law existing at the times of these transactions, the rule being thereafter abrogated by statute, the presumption was that the original stock certificates constituted the holders tenants in common. That presumption could be overcome by proof that the husband furnished the consideration, from which it would then be presumed that he intended a gift of the right of survivorship. Proof of that nature does not appear in this case, but assuming *arguendo* that parol evidence of subjective intention may also be competent to counter the

presumption, within the intendment of the former authorities, the commission was not bound, under the broad power residing in it, as in other administrative agencies, to give that proof evidentiary weight or conclusive effect and thereupon to find that the new certificates, designating the holders as " joint tenants with right of survivorship", were issued merely as curative of error. Upon this record, the commission's determination that there occurred " a change of interests and ownership rights" subjecting the transaction to tax cannot be accounted arbitrary or as lacking rational basis. Determination confirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.