■ In the Matter of HERBERT D. KLEIN et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission made after a hearing which sustained a deficiency assessed against petitioners and denied their application for a redetermination and refund of personal income tax for the year 1969. In May of 1969 petitioners acquired a residence in Zug, Switzerland, and excluded the income received by Herbert D. Klein during the last seven months of that year from their jointly filed 1969 New York resident income tax return on the ground they were no

longer New York domiciliaries (see Tax Law, § 605, subd [a], par [1]). The respondent State Tax Commission disagreed, assessed a deficiency against them, and, after a hearing, denied their application for a redetermination and refund of personal income tax for that year. The facts are not in serious dispute and our review is limited to the question of whether substantial evidence supports respondent's determination that petitioners had failed to prove the establishment of a foreign domicile during the tax year in question. Since neither petitioner testified at the hearing and the presumption agianst a foreign domicile is stronger than the general presumption against a change of domicile *(Matter of Newcomb,* 192 NY 238; *Matter of Bodfish v Gallman,* 50 AD2d 457), the issue before us is further refined to consideration of whether the documentary proofs submitted by petitioners overcame the presumption so clearly and convincingly that it may be said, as a matter of law, they had become Swiss domiciliaries in 1969. We do not believe the record compels such a conclusion. Although previously based in New York, Herbert D. Klein entered into a contract of employment in December of 1968 which, among other terms, provided that he "shall take up residence in Switzerland or such other location outside of the United States as the directors of the corporation may from time to time require." This agreement was for a three-year period and petitioners' residence in Zug was obtained by way of a renewable lease. On the surface these arrangements reflect nothing more than a temporary foreign work assignment of uncertain duration. Taxation by Swiss authorities, the purchase of an automobile abroad and enrollment in local social or civic organizations are likewise consistent with this view and, of themselves, suggest no permanent relocation. The fact that petitioners have apparently remained in Switzerland, at least until the hearing was conducted in April of 1975, may evince an intent on their part to be domiciled in that country, but it does not necessarily mean that such an intent was formed in 1969. On the other hand, it is conceded that petitioners were domiciled in New York at the beginning of 1969 and the record contains several indications that they did not abandon that status during the year. Bank accounts were maintained here and petitioners returned to their New York City residence on November 26, 1969 and lived there through the end of the year despite an ongoing attempt to secure a subtenant for the premises. Mr. Klein withdrew from some organizations, but continued his membership in others on a "non-resident" basis. During this vacation he executed a will in New York which, although it recited his residence in Switzerland, made several contingent bequests to various entities located in this jurisdiction. Under these circumstances, it is far from certain that petitioners meant to give up their New York domicile or, more to the point, intended to make Switzerland their new domicile. Their activities *in 1969* might best be described as preparations to effect such a change, but they do not, in our opinion, unequivocally demonstrate that the change had occurred. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane and Mahoney, JJ., concur; Main and Larkin, JJ., dissent and vote to annul in the following memorandum by Larkin, J.: We respectfully dissent. The sole issue presented is whether there is substantial evidence to support the determination of the respondent that the petitioners did not change their domicile in 1969. Sections 601 and 611 of the Tax Law impose a tax upon all New York State residents. Section 605 of the Tax Law defines a resident individual, insofar as is relevant here, as an individual "who is domiciled in this state, unless he maintains no permanent place of abode in this state, maintains a permanent place of abode elsewhere, and spends in the aggregate not more

than thirty days of the taxable year in this state". Crucial to the determination of this proceeding, therefore, is whether the petitioners, concededly New York State residents and domiciliaries until May 22, 1969, changed their domicile on that date under the meaning of section 605 of the Tax Law. "To create a change of domicil, both the intention to make the new location a fixed and permanent home and actual residence at such location, animus et factum, must be present; residence without intention, or intention without residence, is of no avail" (17 NY Jur, Domicil and Residence, § 12; *Matter of Newcomb*, 192 NY 238; *New York Life Ins. & Trust Co. v Viele*, 161 NY 11). "The evidence to establish the required intention to effect a change in domicile must be clear and convincing [and the] presumption against a foreign domicile is stronger than the general presumption against a change of domicile" *(Matter of Bodfish v Gallman,* 50 AD2d 457, 458). If a party has overcome these heavy burdens, however, any period of residence, however short, even a day, when coupled with the requisite intent is sufficient to establish a new domicile *(Dupuy v Wurtz,* 53 NY 556). As there is no question that petitioners took up actual residence in Switzerland in May, 1969, this case hinges upon their intention at that time. This issue can be decided only by an examination of the relevant facts and circumstances presented by this record. It appears that petitioner Herbert D. Klein, a long time employee of the Supradur Manufacturing Corporation and/or a subsidiary corporation, entered into a three-year employment contract in late December, 1968, which, among other things, provided that he "shall take up residence in Switzerland or such other location outside of the United States as the directors of the corporation may from time to time require". Although the contract was terminable after three years, as of the date of this proceeding, some six years later, petitioner Herbert D. Klein was, at the age of 67, still in the employ of Supradur. The petitioners leased an apartment in Zug, Switzerland, on May 22, 1969, the date when they claim to have established a Swiss residence for New York State income tax purposes. Significantly, petitionres lived in the very same apartment at the time of this proceeding. In addition, petitioners have paid taxes in Switzerland for the period commencing June 1, 1969 and, as found by the respondent in its determination dated March 29, 1976, petitioners "in July, 1969, purchased a car from a Zug, Switzerland dealer, acquired a Swiss driver's license and automobile insurance, secured a Swiss social security card, and joined the Rotary Club of Switzerland, the Swiss Alpine Club, the Swiss Migros Association, and the Swiss Touring Club." All of these facts, in our opinion, weigh heavily in favor of a change of residence at the time claimed by petitioners. The majority notes that Herbert D. Klein's employment contract was terminable after three years. However, the contract was not terminated after three years and, at the time of this proceeding, Mr. Klein remained in the employ of Supradur. Similarly, the majority ascribes significance to the fact that petitioners' original lease in Zug, Switzerland, was for a one-year period. The relevance of this fact, if any, in showing a lack of an intention by petitioners to effect a permanent change of residence is, in our view, far outweighed by the fact that, as aforesaid, petitioners remained in the same apartment some six years after initial occupancy. Although petitioners' furnished apartment in New York City was not sublet until January, 1970, the record contains evidence that prior to their departure petitioner instructed a rental agent to find a tenant to take over the apartment. The majority also ascribe some importance to the fact that Herbert D. Klein retained membership in several New York organizations, but, as indicated in the majority decision, such membership was continued only as a "nonres-

ident". Mr. Klein also terminated membership in other New York organizations. We believe that very little significance can be given to the facts that petitioners maintained savings bank accounts in New York City or that Mr. Klein executed a will in New York City subsequent to May 22, 1969. We conclude that this record is almost totally devoid of evidence which would tend to indicate that on May 22, 1969 petitioners did not intend to abandon their domicile in New York State and establish a new permanent domicile in Switzerland. We find that respondent's determination to the contrary is not supported by substantial evidence and that petitioners have submitted clear and convincing evidence in support of their claim of a change in domicile. The determination should be annulled.