■ In the Matter of AUDIOFIDELITY ENTERPRISES, INC., et al., Petitioners,

v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a stock transfer tax assessment under article 12 of the Tax Law. Petitioner, Herman D. Gimbell, purchased 100 shares of stock of Audiofidelity Enterprises, Inc. (then Audiofidelity Records, Inc.) in April, 1965, and on or about April 12, 1965, a stock certificate was issued in his name alone. Subsequently, on December 3, 1968, as a result of a 2,000 for 1 stock split, Herman was issued a certificate for 200,000 shares of this stock. A prospectus dated September, 1968, listed Herman Gimbel as both record and beneficial owner of these shares. On December 5, 1968, Herman, through stock powers signed by him alone, transferred two 500-share certificates of these stocks to two officers of the company. Thereafter, on October 19, 1971, the remaining 199,000 shares were transferred from the name Herman D. Gimbel to Herman D. Gimbel and Helen Gimbel as joint tenants. Petitioners assert that the original 100 shares were purchased with moneys belonging to both of them. The Tax Commission found that the October 19, 1971 stock transfer was a taxable transfer and assessed a tax of $4,975. Petitioners contend that such stock transfer was nontaxable since the original stock was intended to be acquired in the names of both petitioners and the October 19, 1971 transfer was made only to correct the record. We disagree. There is a heavy burden of proof placed upon a taxpayer who wishes to overcome a tax assessment *(Matter of Liberman v Gallman,* 41 NY2d 774, 777-778). The petitioners have not met that burden here. The commission was not obligated to give petitioners' allegations of subjective intent "evidentiary weight or conclusive effect" *(Matter of Bay Terrace Co-op. Section 1 v Murphy,* 23 AD2d 604, 605). The determination of the Tax Commission should be upheld on this record. Petitioners' other contentions are without merit. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.