■ In the Matter of ROSSER REEVES et al., Petitioners, v STATE TAX COMMISSION, Respondent—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission

---

which affirmed a deficiency assessment against petitioners regarding their personal income taxes for the year 1966. Prior to January 28, 1966, petitioners, Rosser Reeves and his wife, Elizabeth, were domiciliaries and residents of New York State. They owned and lived in a home in Larchmont, New York. In addition, Mr. Reeves owned a small co-operative apartment in New York City, which was not suited for use as a home, but which was used by Mr. Reeves on snowy nights and on the nights he worked late. Mr. Reeves was the chairman of the board of Ted Bates & Co., a large advertising firm in New York City. For many years during February and March, the petitioners vacationed in Jamaica, West Indies; they were shareholders in a hotel corporation in Jamaica and they leased a small beach cottage during their vacations. On January 21, 1966, Mr. Reeves tendered his resignation to the advertising firm. The resignation was accepted, and a termination agreement was executed by Mr. Reeves and the firm. For mutually advantageous reasons the termination agreement provided that the resignation would be effective at the end of the firm's fiscal year on March 31, 1966. Furthermore, the agreement provided for a consulting arrangement with Mr. Reeves and a 10-year covenant not to compete. Petitioners left New York for Jamaica on January 28, 1966. Prior thereto they contacted a real estate broker to sell their Larchmont home. Upon the advice of that broker, the petitioners left the house furnished and arranged to have it redecorated. Six days after they arrived in Jamaica the petitioners purchased a substantial estate in Jamaica. While he was in Jamaica, Mr. Reeves established himself in several Jamaican businesses and spent some time writing a book. During 1966, Mr. Reeves returned to New York City on several occasions. Primarily he stayed with his son, but on a couple of occasions he stayed at the Larchmont property to inspect the work being done there. In January and December of 1966, the petitioners spent 45 days in New York; Mr. Reeves spent 105 days between those dates on business trips to New York, 39 days on business trips elsewhere and 176 days in Jamaica. In April, June and November of 1966, Mrs. Reeves suffered severe heart attacks. On the advice of her physician, the petitioners returned to New York City on December 15, 1966. They immediately put their Jamaica estate up for sale and moved back into the Larchmont home, which had yet to be sold. In accordance with subdivision (a) of section 654 of the Tax Law, petitioners timely filed two New York returns for 1966, a resident return and a nonresident return. According to the petitioners, they were nonresidents between January 28 and December 15, 1966, and were residents for the other part of that year only. The respondent determined that the petitioners remained domiciled in New York State after they left New York for Jamaica and, under section 605 (subd [a], par [1]) of the Tax Law, were residents of New York State for all of 1966. Accordingly, the respondent affirmed the deficiency assessments. Section 605 (subd [a], par [1]) provides that a domiciliary is a resident for personal income tax purposes unless that domiciliary satisfies the requisites of the statutorily defined exception. The petitioners do not fall within the exception, and thus, the petitioners must establish that from January 28 to December 15, 1966, they were nondomiciliaries. The issue presented is whether there is substantial evidence to support the respondent's determination that the petitioners did not change their domicile to Jamaica. "To create a change of domicil, both the intention to make the new location a fixed and permanent home and actual residence at such location, animus et factum, must be present; residence without intention, or intention without residence, is of no avail." (17 NY Jur, Domicil and Residence, § 12; see *Matter of Newcomb,* 192 NY 238.) "The

evidence to establish the required intention to effect a change in domicile must be clear and convincing [and the] presumption against a foreign domicile is stronger than the general presumption against a change of domicile" (Matter of Bodfish v Gallman, 50 AD2d 457, 458). If a party has overcome these heavy burdens, however, any period of residence, however short, when coupled with the requisite intent is sufficient to establish a new domicile (Dupuy v Wurtz, 53 NY 556). The record clearly demonstrates that the petitioners resided in Jamaica with the requisite intent to effect a change of domicile. Mr. Reeves testified at the hearing that the petitioners intended to give up their home in New York State and make Jamaica their new home. The petitioners purchased a substantial new home in Jamaica within six days after their arrival. The petitioners did not move as a result of a temporary job transfer, but as a result of Mr. Reeves' resignation from his employment. Petitioners immediately made arrangements for the sale of their Larchmont home, and Mr. Reeves became involved in several Jamaican business ventures. The petitioners did not return to New York until after Mrs. Reeves had suffered her third severe heart attack, which was due to her unforeseen susceptibility to the tropical climate. There is no substantial evidence in the record to support the respondent's determination that the petitioners failed to change their domicile to Jamaica for the period from January 28 to December 15, 1966. Accordingly, the determination should be annulled. Determination annulled, without costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Mikoll and Casey, JJ., concur.

Staley, Jr., J., dissents and votes to confirm in the following memorandum. Staley, Jr., J. (dissenting). I would confirm the determination of respondent on· authority of Matter of Colton v New York State Tax Comm. (71 AD2d 781). There, petitioners moved to Louisiana. They put their New York house up for sale, boarding it up and putting it under police security. After a year and a half, petitioners were forced to return to New York State due to Mrs. Colton's illness. Petitioners proved that they obtained Louisiana driver's licenses and registrations, as well as voted and joined various clubs and organizations in Louisiana. On these facts, which are much more indicative of a change in domicile than exist in the present proceeding, this court determined that "There was evidence to sustain a finding either for or against the petitioners, but since there was a rational basis for the determination, it should be confirmed." In addition to the facts stated in the majority opinion here, Mr. Reeves entered into a consulting agreement with his former employer and a covenant not to compete for 10 years with quarterly payments of $20,000 beginning September 15, 1966 until September 15, 1976. Considering that the clear and convincing evidence necessary to show the intent to change a domicile to a foreign country is even stronger than that necessary to change a State domicile (Matter of Klein v State Tax Comm., 55 AD2d 982, 983, affd 43 NY2d 812), it is submitted that respondent's determination that petitioners here did not show the necessary intent to establish a domicile in Jamaica is supported by substantial evidence, and should be confirmed (Matter of Babbin v State Tax Comm., 67 AD2d 762).