■ In the Matter of JACK R. COOPER et al., as Executors of JOSEPHINE COOPER, Deceased, Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission, which denied petitioners' application for redetermination and refund of their 1971 income tax, on a finding that both were residents of New York State for that year. On December 11, 1972, petitioner Jack R. Cooper and his now deceased wife, Josephine Cooper, of whose estate Jack Cooper and Norris J. Bishton, Jr., are executors, filed their joint New York State resident income tax return for the year 1971. Although they paid the taxes due and owing, a petition for redetermination or refund accompanied this late filing, in which petitioners claimed to be nonresidents and nondomiciliaries of the State in 1971. On September 24, 1973, the Income Tax Bureau denied the claim for refund. Judicial review of this denial is sought in this proceeding. From 1963 to 1967, petitioner Jack Cooper was a resident of New York and conducted a hosiery business from an office in the Empire State Building. In 1967, Mr. Cooper sold the business but continued to use his office, where he employed three people, to sell securities. Toward the end of 1969 he tapered off this business and decided to move to London, England, where he had business and social contacts. This move was made in June, 1970. Although the office in New York was closed and the remainder of the lease assigned, Mr. Cooper continued to maintain his apartment at 910 Fifth Avenue in New York City. The stated purpose of retaining the apartment, on which Mr. Cooper continued to pay the rent, was the use thereof by his son Jeffrey while he was attending New York University. Although Mr. Cooper claims he did not use the apartment on his trips to New York from London, and that he sent the furniture not being used by his son Jeffrey to his son Ronald, who lived in California, the shipping records revealed that this was not done until the summer of 1971. In London, this petitioner continued his security selling business and made frequent trips to the United States. In 1971, Jack Cooper spent 169 days in the United States, 77 days of which were spent in New York. Although the Coopers claimed to have stayed in a hotel while here, no documentation of that fact was submitted at the hearing. While in England, petitioners stayed first at a hotel, then in a furnished apartment under a three-month lease, then in the same apartment on a month-to-month lease, and finally, in 1972, they entered into a long-term lease, for a duplex apartment. Although they transferred most of their liquid assets to London

and joined a religious institution and several social clubs there, Mr. Cooper retained a bank account in New York. The petitioners did not apply for British citizenship or for immigration visas, but rather stayed in London under temporary visas that had to be renewed every three months. In 1973 the petitioners returned to New York because Mrs. Cooper was ill and sought the comfort of her family and because Mr. Cooper was disenchanted with life in England and its adverse economic conditions. On the facts as outlined above, it cannot be said that the determination of the respondent that petitioners were domiciliaries of New York for the year 1971 was not supported by substantial evidence or was arbitrary or unreasonable (see *Matter of Reeves v State Tax Comm.*, 52 NY2d 959, revg 74 AD2d 934; *Matter of Shapiro v State Tax Comm.*, 50 NY2d 822; *Matter of Colton v New York State Tax Comm.*, 71 AD2d 781). Petitioners have failed to meet the burden of proving a clear and convincing intent to change their domicile in 1970. Accordingly, the petition should be dismissed. Determination confirmed, and petition dismissed, without costs. Kane, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.