In the Matter of JOHN L. BERNBACH, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, January 26, 1984

APPEARANCES OF COUNSEL

*Roberts & Holland* (*Arnold B. Panzer* of counsel), for petitioner.

*Robert Abrams, Attorney-General* (*Carl E. Stephan* and *William J. Kogan* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

The factors expressly relied upon by the State Tax Commission for concluding that petitioner had failed to establish a change of domicile do not provide the necessary rational basis for such a conclusion. Its determination must, therefore, be modified by annulling so much thereof as concludes that petitioner was a New York resident for the entire year of 1972.

In the fall of 1971, petitioner and his wife, who were having marital problems, moved from New Jersey to a co-operative apartment purchased by petitioner in New York

City, allegedly so that petitioner's wife could be closer to her psychiatrist, who she was visiting daily. In May of the following year, petitioner and his two children left New York and flew to Paris, France, where they took up residence with a French woman, who petitioner had met on a business trip. Petitioner ultimately married the French woman after his divorce was finalized, and he has not lived in New York or the United States since moving to France. For the year 1972, petitioner filed a New York resident tax return for the period prior to his move to France and a nonresident return for the period thereafter. The Tax Commission determined that petitioner was required to file as a resident for the entire year and sustained the deficiency assessed against him. Ultimately, petitioner commenced the instant proceeding, contending that the Tax Commission erred in finding that he had become domiciled in New York in the fall of 1971 and in finding that he remained domiciled in New York after he moved to France in May, 1972.

In concluding that petitioner changed his domicile to New York when he moved there from New Jersey, the Tax Commission relied upon the existence of family and social ties in New York and the absence of any in New Jersey, the purchase of a co-operative apartment in New York upon leaving a rented apartment in New Jersey, and the absence of any proof that the move to New York was a temporary one. These undisputed facts, and the reasonable inferences that could be drawn therefrom, provide a rational basis for the Tax Commission's conclusion and, therefore, it cannot be disturbed (see *Matter of Liberman v Gallman,* 41 NY2d 774).

We reach a contrary result as to the Tax Commission's finding that petitioner retained his New York domicile after moving to France in May, 1972, for the factors relied upon by the Tax Commission, considered separately and cumulatively, do not provide a rational basis for its conclusion. Specifically, the Tax Commission found that petitioner had failed to follow the normal procedure for a person who intended to live and work in France. There is no support in the record for this finding. On the contrary, the French lawyer consulted by petitioner upon his arrival

in France testified that he assisted petitioner in complying with all the steps required to obtain the necessary permits and papers for petitioner to reside and work in France. The Tax Commission also relied upon petitioner's failure to check with the French Consulate about living in France at the time of his move from New Jersey to New York. While this fact may have some bearing upon petitioner's intention when he moved to New York, it has little relevance to his intention when, some eight months later, he moved to France. Indeed, it is undisputed that petitioner did, in fact, confer with the French Consulate in New York shortly before moving to France. The Tax Commission next relied upon petitioner's failure to obtain employment in France until after he learned that he could lose custody of his children if he remained in New York. The undisputed fact remains, however, that petitioner secured employment in France after having been advised that an employment commitment was necessary to ensure that he would be allowed to reside in France. Finally, the Tax Commission relied upon petitioner's failure to apply for French nationality after residing in France for five years. We find it irrational, however, to require a taxpayer to give up his United States citizenship in order to prove to the Tax Commission that he has abandoned his New York domicile.

It is noteworthy that the Tax Commission did not rely upon any finding as to the credibility of petitioner's proof, which was undisputed. Petitioner, his brother and his psychiatrist all testified that petitioner's avowed purpose in leaving New York was to begin a new and permanent life in France with the woman he had previously met. His move occurred after residing in New York for only a brief period of time. Petitioner took the steps necessary to determine and comply with the requirements for living and working in France. He secured employment in France. Pursuant to his request, the French national, who he later married, signed a nine-year lease on an apartment in France, where they resided. Petitioner opened and maintained a French bank account, obtained a French driver's license and kept a car registered in France. He became a member of a businessmen's club in Paris. He has not lived

in New York, or the United States, since his arrival in France in May, 1972. This clear and convincing proof, in juxtaposition to the inaccurate and/or irrelevant findings relied upon by the Tax Commission, reveals the irrationality of the determination.

The Attorney-General, in his brief, adverts to several factors which, it is argued, bolster the Tax Commission's determination. Thus, it is noted that petitioner retained a bank account in New York, that he owned the co-operative apartment in New York after moving to France, and that, at the time of the hearing, he resided in England, not France. The evidence, however, shows that petitioner left little or nothing in the New York bank account and had instructed his attorney to close the account. The co-operative apartment was sold after the divorce was finalized and petitioner's former wife agreed to move out. Petitioner testified that he moved to England for business purposes, that he retained ties in France, where he hoped to return, and that he had no expectation or desire of returning to New York. More importantly, however, the Tax Commission did not rely upon these factors as a basis for its conclusion. Having found the grounds invoked by the Tax Commission to be inadequate, we cannot sustain the determination by substituting other grounds which might be proper (*Matter of Parkmed Assoc. v State Tax Comm.*, 60 NY2d 935).

The Attorney-General also notes that petitioner left New York in the midst of marital problems and concern over custody of his children, and this factor was referred to obliquely by the Tax Commission. Irrespective of the impetus for the timing of his departure from New York, however, the undisputed proof outlined above clearly and convincingly establishes that petitioner intended to make France his new and permanent home and that he took up actual residence there (see *Matter of Newcomb*, 192 NY 238).

Finally, numerous cases have been cited wherein the Tax Commission's determination concerning a taxpayers purported change of domicile has been sustained. They are, however, distinguishable. Thus, in *Matter of Reeves v State Tax Comm.* (52 NY2d 959, revg on dissenting opn below 74

AD2d 934, 936) and *Matter of Shapiro v State Tax Comm.* (50 NY2d 822, revg 67 AD2d 191, 194), the taxpayers either retained or purchased real property in New York while they were living outside the country and thereafter returned to New York. In *Matter of Zinn v Tully* (54 NY2d 713, revg on dissenting opn below 77 AD2d 725, 726), the taxpayers retained and controlled substantial assets in New York and made frequent visits to New York for social and business purposes (see, also, *Matter of Klein v State Tax Comm.*, 43 NY2d 812, affg on opn below 55 AD2d 982). In *Matter of Babbin v State Tax Comm.* (49 NY2d 846), the taxpayer's residence in a foreign country was merely a function of his employer's needs, rather than the taxpayer's intent to abandon his New York domicile (see, also, *Matter of Bodfish v Gallman,* 50 AD2d 457). In short, the courts have often deferred to the Tax Commission's broad fact-finding powers in determining whether a taxpayer has changed his domicile, but that power is not without its limits. In our view, the limit has been exceeded here, for the grounds invoked by the Tax Commission to support its conclusion do not provide the necessary rational basis.

The determination should be modified, by annulling so much thereof as concluded that petitioner remained domiciled in New York after May 29, 1972, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs.

MIKOLL, J. (dissenting). I dissent under restraint of *Matter of Mercer v State Tax Comm.* (92 AD2d 636). There is substantial evidence to support the Tax Commission's determination.

MAHONEY, P. J., WEISS and LEVINE, JJ., concur with CASEY, J.; MIKOLL, J., dissents in a separate opinion.

Determination modified, by annulling so much thereof as concluded that petitioner remained domiciled in New York after May 29, 1972, matter remitted to the State Tax Commission for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs.