In the Matter of the Estate of GEORGE L. BOURNE, Deceased. STATE OF FLORIDA et al., Appellants; STATE TAX COMMISSION OF THE STATE OF NEW YORK et al., Respondents.— Decree of the Westchester County Surrogate's Court determining that at the time of his death the decedent was domiciled in and a resident of the State of New York, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Close, P. J., Hagarty, Adel, Lewis and Aldrich, JJ. [181 Misc. 238.] [See *post*, p. 961.]

In the Matter of the Estate of MAX COHEN, Deceased. ROSE M. ROSEN et al., as Administrators of the Estate of MAX COHEN, Deceased, Respondents; ROSE COHEN, Appellant.— The decedent's widow appeals from a decree of the Surrogate's Court of Kings County adjudging that she is not entitled to any distributive share in the estate, adjudging that a certain postnuptial agreement executed by her and said decedent is valid, and decreeing that letters of administration issue to the respondents; and also from an order denying her motion to vacate the decree and to grant a new trial on the ground of newly discovered evidence. Decree and order unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ. [See *post*, p. 881.]

FRED A. JONES, Respondent, v. JAMES F. WATERS, INC., Appellant. (Action No. 2.) — Action at law to recover money damages for alleged fraud. From an order denying a motion by defendant to dismiss the complaint for insufficiency, the defendant appeals. Order affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur.

BARBARA M. MENZEL, as Administratrix of the Estate of MARILYN B. MENZEL, Deceased, et al., Appellants, v. FRED M. BOSCHEN, Respondent.— Appeal from order denying plaintiffs' motion for a new trial upon the ground of newly discovered evidence dismissed, with costs. Plaintiffs failed to make a case and procure the same to be settled as required by rule 221 of the Rules of Civil Practice. Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur.