John D. Bennett, S.
In this probate proceeding, objections have raised the issue of the decedent’s domicile at his death, and consequently of this court’s jurisdiction to entertain the proceeding (Surrogate’s Ct. Act, § 45). The proponent contends that the decedent died a resident of Long Beach, New York, whereas the objectant alleges that the decedent’s domicile at death was Frattamaggiore, Naples, Italy. It is conceded that the decedent left no property of any kind in this county in the State of New York.
From the papers submitted at the hearing, it appears that the decedent was born a resident of Frattamaggiore, Naples, Italy, on May 26, 1891, and that from 1924 to 1946 he resided continuously in Long Beach, New York. From 1946 through 1951, the decedent travelled between New York and Naples, finally remaining in Italy from 1951 to his death in 1960.
The documentary evidence submitted by the objectant, to which no objection was made at the hearing, includes a certified translation of a “ Public Last Will & Testament ”, purported to have been executed by the decedent before a notary public in Italy on February 15, 1960. The instrument contains the following language: ‘ ‘ My wife and children are in America, and I have been away from them for about twelve years, and I am a resident of Italy under the loving care, during by long sickness, of Miss Anna Ponticelli.” The petitioner, who seeks to propound an instrument dated August 24, 1960, submitted no evidence other than a letter from the Department of State indicating the decedent’s period of residency in Long Beach, New York, and the approximate dates of his entries and departures from the United States. The only evidence, therefore, of decedent’s domicile at death is the documentary evidence submitted by the objectant. The determining factor on the issue of domicile is the element of intention, and the intention is to be *354 gathered from the acts and declarations of the decedent, written declarations, especially where notarized, being of more importance than oral declarations (1 Warren’s Heaton, Surrogates’ Courts, § 32, par. 14). The written declarations of the decedent contained in the instrument designated a 1 ‘ Public Last Will & Testament ”, together with the other facts and circumstances appearing in this preliminary hearing, convince the spurt that decedent was domiciled in Italy at the time of his death and not in this county, and the court so holds. The petition for probate of the paper writing dated August 24, 1950, is accordingly dismissed.
Settle decree on five days’ notice, with three additional days if service is made by mail.