Harry G. Herman, S.
In this probate proceeding, the eldest daughter of decedent, has filed objections to the probate of the will dated April 22, 1958. The objections raise an issue as to the domicile of the decedent and the court tried as a preliminary issue the question as to whether decedent at the time of her death in November, 1961, was domiciled in Miami Beach, Florida, or in New Bochelle, New York.
The decedent, her husband, and family had moved from Brooklyn to New Bochelle more than 20 years before her death and decedent actually resided in New Bochelle until February, 1961 when she sold her residence. Until the death of her husband in November, 1952, the family had spent the Winter at Miami Beach for many years, staying at various hotels and at one time in a house which they had purchased. Decedent continued this practice after 1952. In February, 1961 when she sold the New Bochelle residence she signed a lease for an unfurnished Miami Beach apartment for a term ending September 30, 1963 and shipped her bedroom and living room furniture, part of her dining room furniture, as well as her silver and dishes to Florida; the remainder of her household effects were stored in New Bochelle except for her son’s furniture which was sent to his New York City apartment. Arrangements to rent this apartment had been made some months earlier while the apartment building was being constructed. She opened bank accounts *272 and rented safe-deposit boxes in Miami Beach early in 1961, where she thereafter kept her jewelry. The deceased had been in poor health for many years and preferred both the Florida climate in the cold seasons, and a physician there in whom she had a great deal of confidence. During the Fall of 1961 she attended religious services in Miami Beach through an arrangement with a New Rochelle temple where she had been enrolled for many years, and until the time of her death had been a dues-paying member.
The foregoing were the essential facts adduced by the object-ant primarily through a Miss Beatrice Mansley who had been with the 'Shapiro family for more than a quarter of a century as a nurse and later as a companion to the decedent. Her testimony did not impress the court as being impartial; she had spent several weeks discussing the issues involved in this hearing with the objectant daughter and her husband as a guest in their home in Puerto Rico and also with their attorney; in addition she obviously was disappointed by the fact that the decedent had bequeathed her only $1,000 after such very long service in the Shapiro family, a circumstance which she attributed to another daughter of the decedent.
There were, however, certain more important facts which more clearly reflected the intention of the deceased; the element of intention is an essential factor on the issue of domicile — a change of residence alone is insufficient. Early in 1961 decedent purchased a new car in Miami Beach but continued the New York registration with New York State license plates for 1961 and the New Rochelle registration address. She continued as an associate member in a country club in White Plains and in response to a questionnaire circulated by the club in December, 1960 gave New Rochelle as her home address. She had paid the current annual dues to her New Rochelle temple, where she and her husband had been members for many years, and it was through this New Rochelle temple that arrangements were made for her to attend services in the Fall of 1961 in Miami Beach on a reciprocal basis. She may have intended to become a dues-paying member of the temple in Miami Beach, as Miss Mansley testified, but she died two months later without having done so. Her social security checks continued to be sent to New Rochelle.
Early in 1961, about nine months before she died, the decedent signed two letters in the handwriting of Miss Mansley, which had been copied by her from a draft apparently prepared by Mrs. Volk, decedent’s daughter, addressed to her attorney and to her accountant in New York, stating that she was a resident of *273 83 Croft Terrace, New Rochelle. These letters were significant in that they referred to the decedent’s income taxes, more particularly the estimated 1961 tax returns; Florida has no personal income tax and if she were domiciled in Florida she could have avoided such taxes for that year. However, she must have considered herself as a New York resident if she assumed the unnecessary financial responsibility of paying New York income taxes in 1961. Had she any intention of abandoning New York as her domicile she certainly would have taken advantage of a Florida domicile and availed herself of this tax saving — a fact which is rather common knowledge to persons who go to Florida to live. In addition, all her insurance policies— the liability on her car and employer’s liability policies — were issued out of her New Rochelle address.
The net effect of all of this convinces the court that the deceased did in 1961 substantially what she had done for many years before, namely, stayed in Florida for the season but in a leased apartment with her own furniture instead of at various hotels. The sale of her New Rochelle home merely relieved a sick woman from an additional responsibility. She had planned to return to New York during the Summer of 1961 but became quite ill and abandoned the trip.
Indisputably the decedent died domiciled in the City of New Rochelle unless there was a change of domicile during the period of less than a year immediately preceding her death. As above stated, the City of New Rochelle had been decedent’s only permanent place of abode for approximately 20 years. The only question presented for determination, therefore, is whether or not there was a change of domicile from New Rochelle to Miami Beach during this period prior to her death.
A domicile once established is presumed to continue unless and until a new domicile is acquired (Matter of Bourne, 181 Misc. 238, affd. 267 App. Div. 876, affd. 293 N. Y. 785). And the party who asserts a change of domicile has the burden of establishing the new domicile (Matter of Benjamin, 176 Misc. 518, 533, affd. 263 App. Div. 981, affd. 289 N. Y. 554). The issue of domicile is a mixed question of law and fact (Rubin v. Irving Trust Co., 305 N. Y. 288, 306) and in order that there be a change of domicile “ There must be a concurrence of the fact and the intent, the factum and the animus ”. See opinion of the late Mr. Justice Close in Matter of Johnson (259 App. Div. 290, 291). There must be a definite purpose “ to give up the old and take up the new place as the domicile of the person whose status is under consideration ”. (Matter of Newcomb, 192 N. Y. 238, 251.)
*274 Although there was here a change of residence, the evidence was wholly insufficient to establish a change of domicile. Not only did the evidence fail to establish a change of residence with the intent of remaining at the new residence permanently but the evidence fails to show an intention to abandon New Rochelle as the place of domicile. On the contrary, the evidence negatives any fixed intention to acquire a permanent place of abode in Florida or any fixed intention to abandon the domicile in New Rochelle as the permanent place of abode. For many years it had been the custom of the decedent and that of her husband during the latter’s lifetime to spend the Winter months in Miami Beach. Although the decedent sold her New Rochelle residence early in 1961, she preserved religious, social and other ties which would be quite inconsistent with any fixed intention to abandon Westchester County as her permanent place of abode.
Moreover, the change of residence is entirely consistent with an intention by a woman advanced in years and in failing health to effect for reasons of health a temporary or seasonal change of residence in search of a warmer climate, particularly during the Winter months. The sale of the New Rochelle residence is not inconsistent with an intention to avoid the year-round expenses of maintaining a residence for part-time occupancy.
Although the objectant’s reasons or motives for asserting a Florida domicile in order to contest in that jurisdiction the validity of a purported will executed in New York are not apparent, the discord between the objectant and decedent’s other three children and the disappointment of decedent’s former nurse and companion with the amount of the bequest made to her may have been the ingredients to encourage protracted and expensive litigation. However, the court is not now concerned with the motives which prompted the filing of objections so as to raise the question of domicile as a preliminary issue. Upon all the evidence and after careful consideration of the applicable precedents the court determines that the evidence clearly established that the decedent was domiciled in the City of New Rochelle at the time of her death.