■ In the Matter of DENNIS T. MILLER, Petitioner, v. POLICE COMMISSIONER OF THE CITY OF NEW YORK, Respondent.— Determination unanimously annulled, on the law, and proceeding remanded, in the exercise of discretion, without costs or disbursements. Three specifications of misconduct were charged to petitioner, namely, that he (1) had changed his residence to New Jersey; (2) had failed to notify his commanding officer of the change of address; and (3) had failed to notify his commanding officer of his change in social position, to wit, his marriage in October, 1964. The hearing officer sustained all of said charges. Respondent Police Commissioner acted upon only the first of said charges and findings, and declared petitioner's services terminated under section 30 of the Public Officers Law, effective November 10, 1965, on the ground that petitioner was residing in New Jersey. Admittedly petitioner resided in the City of New York from the time he joined the Police Force until his marriage. The record shows that for about nine months thereafter petitioner and his wife had living quarters in New Jersey where his wife was employed, and that petitioner also maintained living quarters with his uncle in Manhattan for a time, and later obtained a furnished room on Staten Island while waiting to get into an apartment at 210 Trainor Place on that island, for which he applied in July, 1965. It was while he was living on Staten Island that the instant proceeding was begun against him. Respondent concedes, and in fact claims, in his brief and upon the argument that the word " reside " in section 2/5.0 of the Police Department's Rules and Procedures and the word " inhabitant " in section 30 (subd. 1, par. d) of the Public Officers Law, refer to domicile (see *People* v. *Platt,* 117 N. Y. 159, 167). In cases of persons having more than one abode, domicile depends upon intention (*Matter of Newcomb,* 192 N. Y. 238), and an existing domicile continues until a new one is acquired. " The existing domicile, whether of origin or selection, continues until a new one is acquired and the burden of proof rests upon the party who alleges a change." (*Matter of Newcomb, supra,* p. 250.) Upon this record the finding that the petitioner resided outside of the State lacks substantial evidence to support it; and the determination is vacated. Since respondent did not act upon the hearing officer's findings with respect to specifications 2 and 3, the matter is remanded to him to make disposition as he may find appropriate in view of such findings. Concur — McNally, J. P., Stevens, Capozzoli and Witmer, JJ.