In the Matter of LOUIS R. BODFISH et al., Petitioners, v NORMAN F. GALLMAN et al., Constituting the New York State Tax Commission, Respondents.

Third Department, January 22, 1976

*Sayles, Evans, Brayton, Palmer & Tifft (Edward B. Hoffman* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (John F. Forner, Jr.,* and *Ruth Kessler Toch* of counsel), for respondents.

GREENBLOTT, J. Petitioners filed New York resident income tax returns for the year 1970 but did not include income received by Louis R. Bodfish while employed in Pakistan from February, 1970 to December 31, 1970. On September 22, 1972, the Income Tax Bureau issued a statement of audit changes against petitioners imposing personal income tax on the income earned in Pakistan, on the ground that petitioners had not changed their domicile and were residents of New York State for the entire year of 1970. A notice of determination of

deficiency in personal income taxes for the year 1970 was issued on June 25, 1973 against petitioners and petitioners sought a redetermination of the deficiencies.

Petitioner Bodfish resided in New York with his family as an employee of Corning Glass continuously since 1955. In February, 1970, he became plant manager of Corning Glass's Pakistan subsidiary and entered Pakistan on February 9, 1970 under a four-year multiple entry visa. During 1970, he returned to this country on March 29, 1970 for a six-day stay, and again on June 23, 1970 for a seven-day stay, and again on November 21, 1970 for a five-day stay. During 1970, while in Pakistan, he lived at two separate leased residences. Bodfish's wife and family remained in New York until July 29, 1970 when they sold their home and joined him. Petitioners remained in Pakistan until January, 1973 when Mr. Bodfish was again transferred by Corning Glass, this time to London, England.

A resident individual is defined as one "who is domiciled in this state, unless he maintains no permanent place of abode in this state, maintains a permanent place of abode elsewhere, and spends in the aggregate not more than thirty days of the taxable year in this state" (Tax Law, § 605, subd [a], par [1]). Petitioner Bodfish contends that he changed his domicile when he moved to Pakistan.

The determination of the State Tax Commission should be confirmed. To change one's domicile requires an intent to give up the old and take up the new, coupled with an actual acquisition of a residence in the new locality (*Matter of Newcomb,* 192 NY 238, 250–251). The test of intent with respect to a purported new domicile has been stated as "whether the place of habitation is the permanent home of a person, with the range of sentiment, feeling and permanent association with it" (*Matter of Bourne,* 181 Misc 238, 246, affd 267 App Div 876, affd 293 NY 785). The evidence to establish the required intention to effect a change in domicile must be clear and convincing (*Ruderman v Ruderman,* 193 Misc 85, 87, affd 275 App Div 834).

The presumption against a foreign domicile is stronger than the general presumption against a change of domicile. "Less evidence is required to establish a change of domicile from one state to another than from one nation to another" (*Matter of Newcomb, supra,* p 250. See, also, *Matter of Ratkowsky v Browne,* 267 App Div 643, 646; *Matter of Hoff,* 178 Misc 515).

Finally, "[t]he existing domicile, whether of origin or selection, continues until a new one is acquired and the burden of proof rests upon the party who alleges a change" *(Matter of Newcomb, supra,* p 250). The petitioners have failed to present clear and convincing evidence showing an intent to change their domicile.

Furthermore, on the question of intent, we note that petitioners entered Pakistan not on an immigration visa, but on a "Four Year Multiple Entry" visa. It would seem that one who intends to make a domicile in a foreign country ordinarily would obtain an immigration visa. (Cf. *Jacoubovitch v Jacoubovitch,* 279 App Div 1027; *Taubenfeld v Taubenfeld,* 276 App Div 873 and cases cited therein.)

Nor do we find any merit in the remainder of petitioners' contentions.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., KANE, KOREMAN and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.