■ In the Matter of BARRY MINSKY et al., Petitioners, v JAMES H. TULLY et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, made after a hearing, which sustained a deficiency against the petitioners and denied their application for a redetermination of personal income tax for the taxable year 1972. While some doubt may exist as to the exact date, it is conceded that at least until the end of April, 1972 the petitioners occupied an apartment in New York City and were domiciliaries of the State of New York. Petitioner Barry Minsky was involved in the entertainment industry as an employee of Cinema Consultants, Ltd. (Cinema) and as the holder of certain other business interests in the industry. In May of 1972, when their New York apartment lease expired, the petitioners went to Toronto, Canada, entering that country on May 27, 1972, where they leased an apartment for a one-year period ending May 31, 1973. The petitioners' application for "landed immigrant" status was granted on August 3, 1972 and soon thereafter Barry Minsky commenced the operation of a Canadian music production partnership he had formed called Rising Day Productions. According to the petitioners' income tax return for the year 1972, this endeavor produced no income whatsoever during 1972 and the petitioners' sole income for the year was from New York and Florida interests. While living in Toronto, Barry Minsky made several trips to New York City where he continued an employment relationship with Cinema. In June of 1973, immediately after their Toronto apartment lease expired, the petitioners moved to Florida for a short stay after which they returned to New York to reside. From their 1972 State income tax return, the petitioners excluded all income received subsequent to April 30, 1972, contending that they were, from that date forward, no longer domiciliaries of New York State (see Tax Law, § 654, subd [a]; § 605, subd [a], par [1]). Since respondent concluded otherwise, the petitioners here seek review contending that the determination was arbitrary and unsupported by substantial evidence. We disagree. It is well established that to create a change of domicile, both the intention to make a new location a fixed and permanent home and actual residence at that location, *animus et factus,* must be present. Residence without intention or intention without residence, is of no avail (17 NY Jur, Domicile and Residence, § 12; see *Matter of Newcomb,* 192 NY 238). The test of intent with respect to a purported new domicile has been stated as "whether the place of habitation is the permanent home of a person, with the range of sentiment, feeling and permanent association with it" *(Matter of Bodfish v Gallman,* 50 AD2d 457; *Matter of Bourne,* 181 Misc 238, 246, affd 267 App Div 876, affd 293 NY 785). Moreover, the evidence to establish the required intention to effect a change of domicile must be clear and convincing (see *Matter of Bodfish v Gallman, supra)*. Perusal of this record discloses that Barry Minsky retained viable New York City business interests which he tended to during his several trips to New York City during the period at issue. He continued to maintain a checking account in a New York City bank and was unable to state with any certainty that he had not voted in New York in the fall elections of 1972. Moreover, he testified that neither he nor his wife, at the time they went to Toronto, was ready or willing to give up their United States citizenship, which they valued highly, and stated that "if things develop we would definitely consider". While attainment of citizenship in the new country is not required to establish domicile, it is relevant on the issue of intent and such an obviously conditional decision is hardly clear and convincing and does not manifest a genuine intent to make the new location a fixed and permanent home with the range of sentiment, feeling and permanent association with it. The petitioners rely upon and stress the fact that they applied for "landed immigrant" status as

evidence of their intent to permanently remain. However, this argument loses much of its lustre for the reason that Barry Minsky was required, by the Canadian government, to acquire this status as a condition precedent to engaging in his planned business enterprise. While none of these factors standing alone are determinative of the issue, in combination they provide sufficient evidence from which the tax commission could rationally conclude that petitioners did not change their domicile to Toronto (see *Matter of Babbin v State Tax Comm.*, 67 AD2d 762; *Matter of Bodfish v Gallman, supra*). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur.