■ In the Matter of SOLOMON ZINN et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a notice of deficiency against petitioners for personal income tax for the year 1972. On June 14, 1977 the State Tax Commission sustained a notice of deficiency against petitioners for personal income tax for the year 1972. The commission based its ruling upon its finding that petitioners were residents of New York State in 1972 within the meaning and intent of section 605 (subd [a], par [1]) of the Tax Law because they were domiciliaries of New York State in 1972 and petitioner Solomon Zinn spent more than 30 days in New York State during that year. Petitioners, who are husband and wife, now challenge this determination of the board in this proceeding. We hold that the commission's determination must be annulled. In so ruling, we note that the propriety of the challenged determination hinges upon the correctness of the commission's finding that petitioners were New York domiciliaries in 1972, and the clear and convincing evidence in the record (cf. *Matter of Bodfish v Gallman,* 50 AD2d 457) plainly demonstrates that this finding was erroneous. According to uncontroverted evidence presented at the hearing on this matter conducted by the commission, petitioners resided in Merrick, New York, until 1966 when they moved to Georgia, where they lived for approximately one year. In 1967 they moved again, this time to Florida, where they have continuously resided thereafter. Since 1967, they have, *inter alia,* voted in Florida, maintained bank accounts in Florida, registered their automobiles in Florida, educated their only school age child in Florida and operated a business in Florida. Soon after his move to Florida, petitioner Solomon Zinn also executed a new will wherein he indicated that he was a Florida resident, and most significantly, in March of 1967 each of the petitioners filed under oath a declaration of domicile certifying that they had become bona fide Florida residents and changed their respective domiciles to that State. A State prison term with a maximum of 20 years was authorized for making a perjurious statement in such a declaration (Fla Stats Ann, § 837.01). Upon such a record as this, the board could not reasonably conclude (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176) that petitioners were New York domiciliaries in 1972. Such a conclusion is certainly not warranted merely because petitioner Solomon Zinn retained business interests and investments in New York during that year and petitioners occasionally came to New York to visit their married daughter and take care of business matters. Similarly, that petitioners still retained their former residence in Merrick, New York in 1972 does not support the commission's finding (cf. *Matter of Brunner,* 41

NY2d 917), particularly since their desire to sell the house and the difficulties which prevented the sale thereof were fully and adequately set forth at the commission's hearing. Also, the filing by petitioners of New York State resident income tax returns for the years 1970, 1971 and 1972 does not justify a finding that petitioners were domiciliaries to New York in 1972. Being admittedly unknowledgeable relative to tax matters, petitioners relied upon their accountant to prepare their returns, and the accountant in a sworn affidavit stated that he inadvertently used the Merrick, New York, address and New York resident return forms for the years 1970, 1971 and 1972 and that petitioners signed the forms which he submitted to them without question. In sum, there is an obvious absence of substantial evidentiary support for the commission's finding as to petitioners' respective domiciles for the year 1972, and, consequently, the determination sustaining the notice of deficiency must be annulled. Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Sweeney, Main and Mikoll, JJ., concur.

Greenblott, J. P., and Herlihy, J., dissent and vote to confirm in the following memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). In our view the record contains substantial evidence to support the State Tax Commission's determination that petitioners were domiciled in New York during 1972 and were residents of the State for income tax purposes. Petitioner Solomon Zinn retained substantial investments in businesses located here in New York and returned to this State frequently in connection with the management of these interests. He also retained control over all other activities of the corporations turned over to his brother and he retained joint responsibility with his brother for the day-to-day management of their remaining business ventures. Additionally, petitioners retained their home in Merrick, New York, where they stayed each time when they returned to New York to conduct business or to visit relatives. Significantly, petitioners filed New York State resident income tax returns for 1970, 1971 and 1972 on which they clearly indicated New York residency. These factors, in our view, constitute substantial evidence to support the State Tax Commission's determination (see *Matter of Shapiro v State Tax Comm.,* 50 NY2d 822; *Matter of Babbin v State Tax Comm.,* 49 NY2d 846, affg 67 AD2d 762; *Matter of Colton v New York State Tax Comm.,* 71 AD2d 781). We, therefore, dissent and vote to confirm.