In the Matter of the Estate of FRANCES K. GADWAY, Deceased. FREDERICK S. DENNIN, Individually and as Executor of FRANCES K. GADWAY, Deceased, Appellant; JAMES F. KENNEDY et al., Respondents.

Third Department, January 8, 1987

### APPEARANCES OF COUNSEL

*Frederick S. Dennin,* appellant *pro se.*

*John L. Stinziano* for respondents.

### OPINION OF THE COURT

HARVEY, J.

Frances K. Gadway (hereinafter decedent) died testate in Flordia on January 17, 1985. At the time of her death, she had assets in both Florida and New York. Her will had been drafted and executed in this State under the direction of petitioner, her New York attorney. The will bequeathed 50% of the estate to respondents Catherine G. Gadway and Michael E. Gadway (hereinafter the Gadways). The remainder of the estate was bequeathed to decedent's heirs at law as defined by the laws of descent and distribution of New York. Petitioner was named as decedent's executor.

Although petitioner initially indicated in a letter to the Surrogate's office that he believed decedent had changed her place of domicile from New York to Florida prior to her death, he subsequently changed his position and petitioned Surrogate's Court to probate the will. Several of decedent's heirs at law (hereinafter respondents) filed objections. Respondents asserted that decedent was domiciled in Florida at the time of her death and thus that the will should be probated in Florida. Additionally, respondents filed in Brevard County, Florida, a petition for administration of the will. In that petition, respondents sought to have respondent James F. Kennedy named executor of the will since under Florida law petitioner could not be permitted to act as executor.*

---

* The Florida statute provides:

"A person who is not domiciled in the state cannot qualify as personal representative unless the person is:

"(1) A legally adopted child or adoptive parent of the decedent;

"(2) Related by lineal consanguinity to the decedent;

"(3) A spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent, or someone related by lineal consanguinity to any such person; or

In responding to respondents' objections, petitioner asserted, *inter alia,* that questions of fact existed as to decedent's domicile and that, in any event, the will should be admitted to original probate in Surrogate's Court pursuant to SCPA 1605. The Gadways also filed a reply to respondents' objections and made a motion for summary judgment to admit the will to probate in Surrogate's Court. The court informed the parties that it planned to treat the return date of September 4, 1985 as a pretrial conference in which an attempt would be made to amicably resolve the matter. The conference failed to produce an agreement and, without further notice to the parties, the court ruled on the pending summary judgment motion. The Gadways' motion to admit the will was denied and, although no cross motion had been made, Surrogate's Court proceeded to dismiss the petition to probate the will. The court held that decedent was a Florida domiciliary and declared that it declined to exercise its discretion under SCPA 1605 to probate the will. Petitioner appeals.

We turn first to the issue of whether Surrogate's Court properly determined that decedent was a Florida domiciliary. The question of domicile is generally a mixed question of fact and law which must be determined by the court after a review of the pertinent evidence *(Matter of Brunner,* 41 NY2d 917; *Matter of Feinberg,* 155 Misc 844 [Foley, S.]). No single factor is controlling and the unique facts and circumstances of each case must be closely considered *(Matter of Trowbridge,* 266 NY 283; *Matter of Lamoutte,* 195 Misc 907). It is incumbent upon the party seeking to prove that a decedent changed his domicile to establish such a change by clear and convincing evidence *(Matter of Newcomb,* 192 NY 238; *Matter of Bodfish v Gallman,* 50 AD2d 457).

Here, respondents sought to prove that decedent had changed her long-standing domicile in New York to that of Florida shortly before her death. At the time of her death, decedent had residences in both New York and Florida. When a decedent has two residences, the earlier in time remains the individual's domicile until a clear intention to change is established *(Matter of Miller v Police Commr. of City of N. Y.,*

---

"(4) The spouse of a person otherwise qualified under this section" (Fla Stat Ann § 733.304).

Under this statute, petitioner cannot qualify as executor. Respondent James F. Kennedy, however, is decedent's brother and thus he would be permitted to act as executor.

26 AD2d 803; *Matter of Shapiro,* 36 Misc 2d 271, *affd* 18 AD2d 837; *see,* 1 Warren's Heaton, Surrogates' Courts § 32, ¶ 14 [c], at 5-214 [6th ed]). Although decedent had acquired a Florida driver's license, she also maintained her New York license. The fact that decedent registered to vote in Florida is not controlling *(see, Wilke v Wilke,* 73 AD2d 915, 917; *Matter of Lydig,* 191 App Div 117); nor is the fact that decedent filed tax returns as a Florida resident dispositive *(see, Texas v Florida,* 306 US 398; *Matter of Bourne,* 181 Misc 238, *affd* 267 App Div 876, *affd* 293 NY 785). Militating in favor of a finding that decedent was still a New York domiciliary was her concentration of financial operations, bank accounts and business dealings in this State *(see, Matter of Wendel,* 144 Misc 467 [Foley, S.]), the declaration in her will that she was a New York resident *(see, Matter of Tarantino,* 27 Misc 2d 352) and her choice of a burial site near her long-time home in Essex County *(see,* 49 NY Jur 2d, Domicil and Residence, § 53, at 55).

In support of their position, respondents stress that petitioner initially indicated to Surrogate's Court that he believed decedent had changed her domicile to Florida. Petitioner's statement, as a long-time friend of and attorney for decedent, while not unimportant, is certainly not controlling. Further, it is somewhat ironic that Kennedy, decedent's brother, provided information to Florida officials for decedent's death certificate which indicated that, at that time, he believed decedent was domiciled in New York. Given his relationship to decedent, Kennedy's representation to Florida officials is entitled to the same consideration as petitioner's statement to Surrogate's Court.

In light of the above, we are unconvinced that respondents produced clear and convincing evidence that decedent intended to change her domicile from New York to Florida. We find that serious issues exist as to whether decedent evidenced a clear intention of changing her domicile, and thus Surrogate's Court should not have summarily decided the issue. However, even assuming that decedent was a Florida domiciliary at the time of her death, in the exercise of discretion we reverse for the following reasons.

Where the vast majority of a decedent's assets are located in this State and the laws of testator's domicile discriminate against New York fiduciaries named in the will, there is authority for granting original probate in New York *(see, Matter of Goldstein,* 34 AD2d 764; *Matter of Brown,* 107 Misc 2d 970; *see also,* SCPA 1605; *Matter of Heller-Baghero,* 26

NY2d 337). Here, although decedent had a $41,000 interest in real estate and a bank balance of $63,000 in Florida, the following factors support probate of the will in New York: (1) decedent had real estate in New York worth $67,500, (2) her estate includes significant intangible assets in New York, such as bank accounts valued at $228,722.37 and real estate mortgages valued at $84,497.64, (3) the will was executed in New York in accordance with New York law with the assistance of a New York attorney and was witnessed by New York residents, (4) there are statements in the will that decedent was a New York resident and that her residuary legatees should be determined in accordance with New York law, (5) 10 out of 11 beneficiaries under the will reside in New York, and (6) the beneficiaries who together receive the clear majority of the estate seek probate in New York. Further, Florida law prohibits petitioner from serving as executor (see, Fla Stat Ann § 733.304). This law, although not unique to Florida, has been the subject of criticism (see, e.g., Matter of Harrison, 81 Misc 2d 807; 1 Warren's Heaton, Surrogates' Courts § 33, ¶ 1B, at 5-245 [6th ed]) and at least one count found it unconstitutional (Fain v Hall, 463 F Supp 661; but see, In re Estate of Greenberg, 390 So 2d 40 [Fla], appeal dismissed 450 US 961 [upholding constitutionality of Florida statute]). Although we do not pass on the wisdom or validity of the Florida law, it is clear that on the facts at bar the Florida law thwarts decedent's wish that petitioner, her long-time friend and attorney, serve as executor of her estate. Under these circumstances, and in light of the substantial New York assets, we conclude that the will should have been admitted to original probate in New York.

MAIN, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Decree reversed, on the facts, without costs, and petition granted.