■ LAJOS LAUFER, Respondent, v BARBARA T. HAUGE, Appellant, et al., Defendants.

The plaintiff is the holder of the proprietary lease to a cooperative apartment located on West 82nd Street in Manhattan. The appellant is allegedly the tenant of the apartment. Since 1980, the plaintiff has been attempting to obtain use and occupancy of the apartment and market value rent from the appellant. The appellant has failed to vacate the apartment or pay rent since this time. The question of actual rights to the apartment is currently before the New York State Division of Housing and Community Renewal (hereinafter DHCR) and is not an issue presented upon this appeal.

By order to show cause dated December 2, 1986, the plaintiff moved to attach the appellant's assets pursuant to CPLR 6201 in the amount claimed in his complaint. The affidavit and exhibits annexed to the moving papers claimed that the appellant was a domiciliary of the State of Wyoming because: she had, in an affidavit used to register to vote in the State of Wyoming, dated September 9, 1986, sworn to be a "bona fide" resident of that State, she voted by absentee ballot in Teton County, Wyoming, her answer to the plaintiff's complaint was notarized in Teton County, Wyoming, and she had obtained a Wyoming State driver's license.

The appellant's answering affidavit stated that she maintains her home in New York, pays her taxes (including New York City resident income tax) here and was registered to vote here. She conceded spending approximately one month out of every year at her family's ranch in the State of Wyoming, having a driver's license from that State and having registered to vote there in 1986.

Upon a review of the record, we find Supreme Court erred in granting the plaintiff's motion to attach the appellant's assets. The dispositive issue is whether the appellant is or is not a domiciliary of this State thus determining whether CPLR 6201 (1) can be used to attach her assets. "Domicile" has been defined as one's principal and permanent place of residence where one always intends to return to from wherever one may be temporarily located. A person may have two or more residences but can only have one domicile (*Matter of Brunner*, 41 NY2d 917; *Matter of Newcomb*, 192 NY 238), and

it has generally been held that the residence established earlier in time remains the individual's domicile until a clear intention to change is established *(Matter of Gadway,* 123 AD2d 83; *Matter of Miller v Police Commr. of City of N. Y.,* 26 AD2d 803). The element of intent is essential *(Matter of Clute v Chu,* 106 AD2d 841; *Matter of Minsky v Tully,* 78 AD2d 955).

We find the evidence points to the appellant's intent to have New York as her domicile. The evidence is undisputed that the appellant resides most of the year in New York, conducts business in New York, pays both city and State taxes here, maintains bank accounts in excess of $100,000 here and has made no attempt to formally change her domicile. The appellant's Wyoming driver's license is insufficient to prove her intent to change her domicile without further indicia of intent *(see, Matter of Limburg v Snyder,* 253 App Div 844, *affd* 277 NY 725; *Matter of Gadway, supra; Paparella v Paparella,* 74 AD2d 106). Furthermore, the appellant's affidavit in the State of Wyoming where she swore she was a bona fide resident of the State of Wyoming is also not indicative of an intent to change domicile as one may have two residences under the law *(see also, Burk v Sackville-Pickard,* 29 AD2d 515). Furthermore, registration to vote in another State has been held not to create a domicile in that State *(see, Matter of Limburg v Snyder, supra; Paparella v Paparella, supra;* 17 NY Jur, Domicile and Residence, § 59).

In sum, we find that the evidence proffered by the plaintiff, even uncontradicted, is insufficient to show that the appellant is a nondomiciliary, which would allow the court to order attachment under CPLR 6201 (1). Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.