■ In the Matter of JOHN L. LARKIN, Respondent, v RICHARD J. HERBERT et al., as Councilmen and Members of a Hearing Panel of the Town Board of the Town of Newburgh, et al., Appellants.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Rosato, J.), entered July 1, 1991 in Orange County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* compel respondents to reinstate petitioner to his previous employment as a police officer.

Petitioner brought this CPLR article 78 proceeding to challenge a determination of a Hearing Panel of the Town Board of respondent Town of Newburgh, Orange County, that from and after July 1, 1988 petitioner "resided" in Pennsylvania and thereby vacated his office of police officer of the Town pursuant to Public Officers Law § 30 (1) (d). Concluding that the Hearing Panel's determination was not supported by substantial evidence, Supreme Court granted the petition and ordered respondents to reinstate petitioner with back pay, credits and benefits from December 5, 1990. Respondents appeal.

Our review of the Hearing Panel's written decision causes us to conclude that, in finding that petitioner had vacated his office by changing his residence to Pennsylvania, the Town failed to apply the proper construction of the term "inhabi-

tant" *(see,* Public Officers Law § 30 [1] [d]) or the correct standard of proof. It is well established that the term "inhabitant", as used in Public Officers Law § 30 (1) (d), refers to the public officer's domicile *(see, Matter of Miller v Police Commr. of City of N. Y.,* 26 AD2d 803) and not mere residence. "Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home" *(Matter of Newcomb,* 192 NY 238, 250). "In order to acquire a new domicile there must be a union of residence and intention. Residence without intention, or intention without residence is of no avail[.] Mere change of residence although continued for a long time does not effect a change of domicile, while a change of residence even for a short time with the intention in good faith to change the domicile, has that effect" *(supra).* It is also noteworthy that "[m]otives are immaterial, except as they indicate intention" *(supra,* at 251). Accordingly, proof that petitioner continued his New York domicile for the sole purpose of maintaining his employment with the Town supports rather than defeats his cause. Further, a party alleging a change of domicile has the burden of proving the same by clear and convincing evidence *(see, Matter of Gadway,* 123 AD2d 83, 85; *Matter of Minsky v Tully,* 78 AD2d 955; *Matter of Bodfish v Gallman,* 50 AD2d 457).

Thus, the appropriate issue for the Hearing Panel's consideration was whether the Town established by clear and convincing evidence petitioner's change of residence to Pennsylvania and, further, his intent to make Pennsylvania his fixed and permanent home. Although Supreme Court properly annulled the Hearing Panel's erroneous determination, it exceeded its authority in weighing the evidence and substituting its judgment for that of the Hearing Panel *(see, Whitney v Securities & Exch. Commn.,* 604 F2d 676, 681; *Sherman v Immigration & Naturalization Serv.,* 350 F2d 894, 899, *revd upon reh en banc* 350 F2d 901, *revd sub nom. Woodby v Immigration Serv.,* 385 US 276; *Matter of Benson v Board of Educ.,* 183 AD2d 996; *Matter of Libra v University of State of N. Y.,* 124 AD2d 939, 940, *appeal dismissed* 69 NY2d 933, *lv denied* 70 NY2d 603). Rather, Supreme Court was required to remit the matter for new findings in light of the applicable law *(see, supra).*

Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered the immediate reinstatement of petitioner to the position of police officer of

the Town of Newburgh with all back pay, retirement credits and any and all other emoluments due and owing to him from December 5, 1990; matter remitted to the Town Board of the Town of Newburgh for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.