■ In the Matter of HERBERT L. KARTIGANER et al., Petitioners, v FRANCIS R. KOENIG, as Commissioner of the Tax Appeals Tribunal of the State of New York, et al., Respondents. [599 NYS2d 312] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of the Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner Herbert L. Kartiganer (hereinafter Kartiganer) is the founder and president of a consulting engineering firm presently known as Kartiganer Associates P. C. (hereinafter the firm) located in Orange County. In 1977 or 1978, Kartiganer announced his intention to gradually "phase out" his involvement in the firm over the next 10 years. The record indicates that during this time period, the firm cut back on the services it performed and Kartiganer, *inter alia,* actively sought to sell the firm to various individuals. In late 1981,

Kartiganer and his spouse, petitioner Marjorie N. Kartiganer, purchased a condominium in Boca Raton, Florida, and began residing there.

For the year 1982, petitioners filed State resident and nonresident income tax returns for the periods January 1, 1982 to March 1, 1982 and March 1, 1982 to December 31, 1982, respectively; petitioners also filed State nonresident income tax returns for the years 1983 and 1984. The State Department of Taxation and Finance ultimately issued three notices of deficiency showing additional income tax due by petitioners for the years 1982 through 1984 and, further, denied petitioners' application for a refund based upon their 1982 income tax return. The dispute as to petitioners' tax liability centered upon whether petitioners were domiciled in this State during the relevant time periods.

Following an unsuccessful conciliation conference, a hearing was held before an Administrative Law Judge (hereinafter ALJ), at which Kartiganer was the only witness. The ALJ concluded, *inter alia,* that petitioners had failed to establish by clear and convincing evidence that they were in fact domiciled in Florida during the relevant time periods and, accordingly, sustained the notices of deficiency issued for 1984 taxes due and the disallowance of petitioners' claim for a refund for 1982. As to the notice of deficiency issued for 1983 taxes due, the ALJ concluded that petitioners' challenge in that regard was untimely. Petitioners filed exceptions to the ALJ's decision. The Tax Appeals Tribunal thereafter denied petitioners' exceptions and affirmed the ALJ's decision. This CPLR article 78 proceeding followed.

The primary issue on review is whether the record supports the determination that petitioners were domiciled in this State during the period 1982 through 1984 *(see generally, Matter of Bodfish v Gallman,* 50 AD2d 457). During the relevant time period, a "resident" was defined under the Tax Law as an individual "who is domiciled in this state" (Tax Law former § 605 [a] [1]). "Domicile", in turn, was defined under the pertinent regulations as "the place which an individual intends to be his permanent home—the place to which he intends to return whenever he may be absent" (20 NYCRR former 102.2 [d] [1]).

It is well settled that domicile is established by physical presence in a particular locality coupled with the intent to remain *(see, Matter of Newcomb,* 192 NY 238, 250; *Matter of Larkin v Herbert,* 185 AD2d 607, 608; *Matter of McKone v*

*State Tax Commn.,* 111 AD2d 1051, 1053, *affd* 68 NY2d 638). "The test of intent with respect to a purported new domicile has been stated as 'whether the place of habitation is the permanent home of a person, with the range of sentiment, feeling and permanent association with it' " *(Matter of Bodfish v Gallman, supra,* at 458, quoting *Matter of Bourne,* 181 Misc 238, 246, *affd* 267 App Div 876, *affd* 293 NY 785; *see, Laufer v Hauge,* 140 AD2d 671, 672, *lv dismissed* 72 NY2d 1041 [domicile defined as "one's principal and permanent place of residence where one always intends to return to from wherever one may be temporarily located"]). In determining whether a change in domicile has occurred, no single factor is deemed controlling *(see, Matter of Gadway,* 123 AD2d 83, 85), and the party seeking to establish a change in domicile must do so by clear and convincing evidence *(see, Matter of Larkin v Herbert, supra,* at 608; *Matter of Gadway, supra,* at 85; *Matter of Bodfish v Gallman, supra,* at 458).

Here, the record reveals that during the relevant time period, petitioners engaged in a number of activities that would appear to be consistent with relocating to Florida, including discontinuing their memberships in various social and religious organizations in this State and purchasing a home in Florida. Additionally, following their arrival in Florida petitioners, *inter alia,* joined a number of social organizations, opened a checking account, secured a safe deposit box, executed codicils to their respective wills and filed a declaration of domicile as residents of Florida. The record further indicates, however, that Kartiganer retained a significant proprietary interest in his engineering firm and continued to play an active role in its day-to-day operations. Indeed, Kartiganer testified that he remained in constant communication with the Orange County office by telephone and courier service. Additionally, petitioners continued to maintain their residence in Orange County, where Kartiganer resided from the beginning of June each year through the end of August and would occasionally visit at other times during the year. During this same time period, petitioners maintained a checking account in this State and Kartiganer was in possession of a New York driver's license. Finally, although petitioners executed codicils to their wills in Florida, each will specifically provided that it was to be probated in New York.

Based upon our review of the record as a whole, we conclude that the determination under review must be confirmed *(see, Matter of Zinn v Tully,* 54 NY2d 713, *revg on dissenting mem below* 77 AD2d 725). Although petitioners make much of

the fact that they registered to vote, obtained driver's licenses and filed tax returns in Florida, these factors are not dispositive *(see, Laufer v Hauge,* 140 AD2d 671, 673, *supra; Matter of Gadway,* 123 AD2d 83, 86, *supra),* and the cases relied upon by petitioners *(see, e.g., Matter of Sutton,* 1989 WL 141048 [NY Dept of Taxation & Fin, Nov. 9, 1989]; *Matter of Russell,* 1988 WL 167916 [NY Dept of Taxation & Fin, Mar. 3, 1988]; *Matter of Fielding,* 1980 WL 7831 [NY Dept of Taxation & Fin, Aug. 22, 1980]) are readily distinguishable. Indeed, while it might be said that the question presented here is a close one, that acknowledgment is the antithesis to the proposition that petitioners have established their Florida domiciliary by clear and convincing evidence. Petitioners' remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.