■ In the Matter of ROBERT CALLICUTT et al., Petitioners, v NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [660 NYS2d 747] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a deficiency of personal income tax imposed under Tax Law article 22.

In November 1979, petitioner Robert Callicutt purchased a single unit in a limited partnership known as 225 Parkside Associates (hereinafter the partnership) for $35,000, making an initial payment of $6,667 and delivering a $28,333 promissory note, payable in four annual installments, to the partnership. Callicutt made one installment payment before he and his wife filed for bankruptcy and were granted a discharge in 1982. Six years later, the partnership issued a tax schedule K-1 to Callicutt showing that his distributive share of the partnership's income in 1988 was $126,599. Despite this distribution, petitioners failed to include it in their 1988 New York State income tax return.[1]

This failure prompted the State Department of Taxation and Finance to issue a notice of deficiency to petitioners asserting a tax deficiency for 1988 of $10,603 plus interest. Petitioners' pursuit of their administrative remedies was unsuccessful and resulted in a determination by respondent Tax Appeals Tribunal sustaining the notice of deficiency. Petitioners then commenced this CPLR article 78 proceeding asserting arguments premised on their bankruptcy and Callicutt's purported assignment of his partnership interest, which they claim contravene the Tribunal's determination that they were liable for the payment of the tax on Callicutt's distributive share of income from the partnership since he was a limited partner in 1988.

According to petitioners, in 1986 Callicutt assigned whatever interest he had in the partnership to a general partner. Their

---

1. A New York resident's adjusted gross income includes his or her distributive share of partnership income or gains (Tax Law § 612 [a]; *see*, 26 USC § 701).

proof consisted of a copy of an unsigned assignment which was supplemented by Callicutt's testimony that he signed the original document and sent it to the general partner. The Tribunal did not give the assignment much weight, finding that Callicutt's testimony was "extremely vague". It also pointed out that the assignment did not comply with the partnership agreement's requirement that it be signed by the assignor and assignee and that the managing general partner's written consent be obtained. The Tribunal further noted that Callicutt's acceptance of a $7,726[2] check which the partnership issued and delivered to him in 1989 was inconsistent with his claim that he was not a partner in 1988. Taking into account that credibility issues and the weight to be accorded the evidence are issues for the Tribunal (*see, Matter of Jacobson v State Tax Commn.*, 129 AD2d 880, 882), we find that petitioners failed to establish by clear and convincing evidence (*see, Matter of Hoffmann v Commissioner of Taxation & Fin.*, 228 AD2d 732, 734) the existence of a valid assignment.

Petitioners' argument founded on their bankruptcy is also meritless inasmuch as the partnership agreement provided that the bankruptcy of a limited partner would not cause the dissolution of the partnership (*see*, 15A NY Jur 2d, Business Relationships, § 1650, at 542). Moreover, in the absence of proof that petitioners did not schedule Callicutt's partnership interest as an asset and as there is no indication that it was administered by the trustee, it remained Callicutt's property after discharge (*see*, 2 Collier Bankruptcy Manual § 554.05, at 554-6 [3d ed]). Lastly, petitioners' contention that the issuance of the notice of deficiency violated the Bankruptcy Court's order of discharge is too attenuated to merit discussion.

In view of our analysis, we conclude that the Tribunal reached a reasonable determination supported by substantial evidence. Therefore, we must confirm (*see, Matter of Hopper v Commissioner of Taxation & Fin.*, 224 AD2d 733, 737-738, *lv denied* 88 NY2d 808).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

**2.** This amount represents the balance due Callicutt after the partnership credited his gain against his deficit account balance ($89,282) and subtracted what he owed.

County (McGill, J.), entered May 6, 1996, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior visitation order.