■ In the Matter of ROBERT G. BAUER et al., Petitioners, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents. [669 NYS2d 415] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a deficiency of personal income tax imposed under Tax Law article 22.

The essence of this matter is the decision by respondents to include in petitioners' 1985 income the fair market value of a cooperative apartment received by petitioners in exchange for legal work performed by petitioner Robert G. Bauer (hereinafter petitioner), an attorney. Petitioners argue, in two alternative scenarios, that the income was received prior to 1985, rendering any assessment in consequence thereof barred by the Statute of Limitations and that the apartment represented petitioners' share of the profit of a "co-venture" involving petitioner and his client Kenneth Tedaldi.

Petitioner alleges that in 1981 he entered into an agreement with Tedaldi, a client of long standing, whereby he would perform legal work in conjunction with Tedaldi's development of land and construction of townhouses in the Town of East Hampton, Suffolk County. An operating corporation, Napeague Dunes Development Corporation, was formed and title to the land was transferred from Tedaldi thereto. Petitioner's compensation was to consist of one share of stock in Napeague Dunes and, if the project proved to be successful, petitioner would be entitled to exchange the stock for one of the apartment units. If unsuccessful, petitioner would be entitled only to recover his expenses, up to $20,000. Petitioner alleges that

in 1982, he received one share of stock in Napeague Dunes, although no independent evidence of this event was produced, and that this share acquired value in 1983.

Napeague Dunes sponsored the conversion of the developed property to cooperative ownership and a new corporation, The Hermitage at Napeague, Ltd., was formed to serve as the cooperative housing corporation. By stock certificate dated January 10, 1985, petitioners received 160 shares of "The Hermitage". Petitioners allege, however, that in 1984 they took possession and control of the apartment including, *inter alia*, occupying it on weekends, furnishing it for rental and obtaining insurance thereon.

Petitioners did not report the value of the condominium unit as income on their 1985 tax return. The unit was, however, listed on a depreciation schedule attached to petitioners' 1985 State and Federal tax returns, bearing an acquisition date of "1/85"; their 1986 Federal return also listed an acquisition date of "1/85".

On audit, the State Division of Taxation determined that petitioners had received the cooperative unit in January 1985 in lieu of legal fees for services rendered, and that its fair market value of $106,800* was properly reportable as ordinary income. The Division's position was based upon the dates used by petitioners as acquisition dates on the depreciation schedules, as well as the date of their acquisition of ownership of shares in the cooperative, i.e., January 10, 1985.

In this proceeding, petitioners challenge the determination of respondent Tax Appeals Tribunal which sustained the denial by an Administrative Law Judge (hereinafter ALJ) of their petition for redetermination of an assessment of income tax deficiency, interest and penalties totaling $29,119.82 for the tax year 1985.

Petitioners argue, as they did before the Tribunal, that the apartment represented petitioner's share of the profit of a joint venture with Tedaldi, which profit was received either in 1983, when the Napeague Dunes stock allegedly received by petitioner acquired value, or in 1984, when they took possession and control of the cooperative unit.

In rejecting these contentions and sustaining the deficiency, the ALJ relied upon petitioners' own documentary evidence which established (1) January 10, 1985 as the date upon which they became shareholders in the cooperative, and (2) January

---

* The value was subsequently adjusted to $106,000 to comport with the value shown by petitioners on their 1986 Federal tax return.

1985 as the date of acquisition of the unit. In contrast, the ALJ noted that petitioners' contentions were supported essentially only by the testimony of petitioner, with no other corroborating evidence produced. Specifically, the ALJ found no evidence substantiating petitioner's characterization of the arrangement with Tedaldi as a joint venture. Petitioner introduced evidence of a letter he wrote to Tedaldi dated June 10, 1983 to support his claim that in 1983 he owned one share of Napeague Dunes stock, which he argues then had value and represented the income at issue here. The letter, however, makes reference to payment of petitioner's "final fee". Further, while petitioner testified that he received one share of Napeague Dunes stock in 1982, he produced no copy of the stock certificate or other corporate records relating to the issuance thereof, nor did he offer any testimony from Tedaldi on this point.

Similarly, the ALJ rejected petitioners' alternative contention that their ownership of the apartment in 1984 was established by the fact that they made use of the apartment and readied it for rental during 1984. While noting that ownership was one possible logical inference to be drawn from these facts, the ALJ cited numerous and substantial evidentiary inconsistencies and failures to support his conclusion that petitioners failed to meet their burden under Tax Law § 689 (e). These included the January 10, 1985 issuance of the ownership shares, the acquisition date of January 1985 listed on petitioners' returns and the lack of corroborating evidence from records of The Hermitage, such as a proprietary lease or other documentation of an earlier ownership date.

We confirm. Based upon our review of the record, we find that the determinations of the ALJ, sustained by the Tribunal, were rational and supported by the substantial evidence as previously noted (*see, Matter of Callicutt v New York State Commr. of Taxation & Fin.*, 241 AD2d 778).

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.