■ In the Matter of ROBIN R. INGLE, Petitioner, v TAX APPEALS TRIBUNAL OF THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents. [973 NYS2d 877]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a notice of deficiency of personal income tax imposed under Tax Law article 22.

In 2004, petitioner filed a New York part-year resident income tax return identifying herself as a resident of New York from January 1, 2004 to March 31, 2004, and determining her income tax liability on that basis. Petitioner sold shares of stock on April 30, 2004, resulting in capital gains of almost $2 million, which she did not include on her New York income tax return. The Division of Taxation conducted an audit, concluded that petitioner had been a domiciliary of the state until June 30, 2004, and issued a notice of deficiency assessing petitioner with over $255,000 in additional income tax, plus interest. After a hearing on petitioner's challenge to the notice, an Administrative Law Judge sustained the notice of deficiency. Upon petitioner's further challenge, respondent Tax Appeals Tribunal affirmed that determination, finding that petitioner was a New York domiciliary until July 9, 2004. Petitioner commenced this proceeding seeking a redetermination regarding the deficiency.

It is undisputed that petitioner changed her domicile from New York to Tennessee in 2004. The only question is when that change occurred. We confirm the Tribunal's determination that petitioner failed to establish a change in domicile prior to the stock sale because that determination is rationally based and supported by substantial evidence in the record.

As relevant here, an individual is a resident of this state for income tax purposes when that individual is domiciled in New

York (*see* Tax Law § 605 [b] [1] [A]).* A domicile "is the place which an individual intends to be such individual's permanent home" (20 NYCRR 105.20 [d] [1]) and, "once established[, a domicile] continues until the individual in question moves to a new location with the bona fide intention of making such individual's fixed and permanent home there" (20 NYCRR 105.20 [d] [2]; *see Matter of Newcomb*, 192 NY 238, 250 [1908]). "Domicile is established by physical presence and intent" (*Matter of McKone v State Tax Commn. of State of N.Y.*, 111 AD2d 1051, 1053 [1985], *affd* 68 NY2d 638 [1986]; *see Matter of Newcomb*, 192 NY at 250-251; *Matter of Minsky v Tully*, 78 AD2d 955, 955 [1980]; *Matter of Bodfish v Gallman*, 50 AD2d 457, 458 [1976]). "No single factor is controlling and the unique facts and circumstances of each case must be closely considered" (*Matter of Gadway*, 123 AD2d 83, 85 [1987] [citations omitted]; *see Matter of Trowbridge*, 266 NY 283, 289 [1935]). "The fact that a person registers and votes in one place is important but not necessarily conclusive, especially if the facts indicate that such individual did this merely to escape taxation" (20 NYCRR 105.20 [d] [2]). The party seeking to establish a change in domicile must carry the burden of doing so by clear and convincing evidence (*see Matter of Newcomb*, 192 NY at 250; *Matter of Gadway*, 123 AD2d at 85; *Matter of Bodfish v Gallman*, 50 AD2d at 458-459). Upon review, this Court will defer to the Tribunal's determinations regarding witness credibility and the weight to be accorded the evidence (*see Matter of Callicutt v New York State Commr. of Taxation & Fin.*, 241 AD2d 778, 779 [1997]; *Matter of Jacobson v State Tax Commn.*, 129 AD2d 880, 882 [1987]), and the Tribunal's determination will be confirmed if it is "rationally based upon and supported by substantial evidence" (*Matter of Transervice Lease Corp. v Tax Appeals Trib. of State of N.Y.*, 214 AD2d 775, 777 [1995]; *see Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]).

Petitioner was born and raised in Tennessee, moved to various cities for work, and moved to New York City in 2000. She entered into a two-year lease on an apartment, set to expire on April 30, 2004. Petitioner testified that she never owned real property in New York, never owned or leased a car in New York, never had a safe deposit box in New York, never owned a burial plot, joined a club or organization, had a gym membership, went to church in or had an accountant, lawyer or will in New

---

* The New York City Administrative Code contains an essentially identical definition for whether an individual is a resident of New York City for income tax purposes (*see* New York City Administrative Code § 11-1705 [b] [1]).

York. Her job required frequent travel, and she was able to work from anywhere as long as she had her cell phone, laptop computer and access to an airport. Although she had intended to eventually move back to Tennessee, where her family was located, she accelerated her plans—for tax reasons—when she learned that the company she worked for was being sold and she would realize substantial capital gains from her shares of stock.

As proof that she became domiciled in Tennessee on April 1, 2004, petitioner offered, among other things, a copy of her apartment lease in Tennessee starting April 1, 2004 with an accompanying letter from the landlord, a bank statement from her Tennessee bank covering the period of April 1 through April 30, 2004 that showed a deposit from her employer dated April 30, 2004, her Tennessee voter registration dated April 2, 2004, her New York apartment lease agreement, her warranty deed for real property in Tennessee and a letter from her telephone utility provider, which states that petitioner established a phone line at her Tennessee apartment on April 13, 2004. Despite claiming that the Tennessee apartment was her domicile from the date that she signed the lease, petitioner's voter registration form and April bank statement list her parents' Tennessee address as petitioner's address. Her Tennessee apartment was originally furnished with items borrowed from her parents, and otherwise with items she purchased that duplicated items in her New York apartment.

Petitioner testified that she intended to move out of her New York apartment by the end of April 2004, when her lease expired, but her frequent travel for work interrupted her ability to pack, paint and move. Her landlord did not allow month-to-month tenancies, so petitioner signed a two-year lease—ending in 2006—with an option to terminate early. She exercised that option to terminate her tenancy by June 30, 2004, but did not actually move all of her belongings out and vacate that apartment until July 9, 2004. Petitioner testified that, between April and June 2004, she was in Tennessee on an "off and on" basis and was in New York "periodically," but she conceded that she was unsure how much time she spent in each place and had no accurate documentation to verify her whereabouts throughout that time period.

The Tribunal found that petitioner's overall credibility was undermined by the lack of evidence to corroborate much of her testimony, her vague and evasive testimony regarding certain key facts, as well as some conflicting testimony given by her boyfriend. Deferring to the Tribunal's credibility findings (*see*

*Matter of Callicutt v New York State Commr. of Taxation & Fin.*, 241 AD2d at 779), its determination that petitioner did not meet her burden to demonstrate by clear and convincing evidence "an absolute and fixed intention to abandon [her New York domicile] and acquire another" until July 9, 2004 (*Matter of Newcomb*, 192 NY at 251) is supported by evidence that petitioner extended her lease on the New York apartment until June 2004, actually vacated that apartment in July 2004, maintained duplicate household items in both her Tennessee and New York apartments and did not affect a change in her lifestyle or related business interests until July 2004 (*see Matter of Gray v Tax Appeals Trib. of State of N.Y.*, 235 AD2d 641, 643 [1997]; *Matter of Kartiganer v Koenig*, 194 AD2d 879, 881-882 [1993]). In light of the fact that petitioner bore the burden of demonstrating a change in domicile, the Tribunal correctly considered petitioner's failure to present any evidence or credible testimony regarding the amount of time she spent in Tennessee versus New York during the relevant time period (*see* 20 NYCRR 105.20 [d] [4]; *Matter of Newcomb*, 192 NY at 250; *Matter of Gadway*, 123 AD2d at 85-86; *Matter of Bodfish v Gallman*, 50 AD2d at 459). Although petitioner registered a vehicle and registered to vote in Tennessee, such acts are not conclusive where, as here, "the facts indicate that such individual did this merely to escape taxation" (20 NYCRR 105.20 [d] [2]). Therefore, the Tribunal's determination that petitioner failed to establish by clear and convincing evidence that she changed her domicile prior to July 2004 must be confirmed because it is rationally based upon and supported by substantial evidence in the record (*see Matter of Transervice Lease Corp. v Tax Appeals Trib. of State of N.Y.*, 214 AD2d at 777).

Rose, J.P., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.